STATEMENT OF THE FACTS
On April 10, 1986, The Mississippi State Bar Complaint Tribunal determined that the appellant attorney, Christian T. Goeldner, had willfully misrepresented the amount of fees due as well as the number of hours Goeldner spent working on a case for a client, Eugene F. Miller, in order to be paid at an hourly rate in excess of that allowed by the chancellor's order. The Tribunal determined that those acts constituted a deliberate fraud upon the Court and the client and ordered disbarment.
The attorney was hired on January 16, 1984 by Eugene F. Miller (client) to recover assets belonging to his elderly aunt-in-law, Florence Lee Brantley Middleton. These assets were taken from Mrs. Middleton by a niece, Elizabeth Ann McInvale Baker. At the time Goeldner was hired he presented Miller with one employment contract providing for compensation at the rate of $100 per hour, which Miller signed. Goeldner filled out a form referred to by Goeldner's law office as a "New Matter Report" and opened a file which he labeled "Miller Re: Middleton — an estate matter." The number assigned to the account was 500 84001.
Goeldner then filed a petition to set up a conservatorship for Mrs. Middleton, the elderly aunt, which was granted. Miller was appointed conservator. Goeldner then filed a motion to authorize legal action against the niece, Elizabeth Baker, on behalf of the conservatorship. This motion was granted on March 19, 1984 at which time Chancellor Dennis Baker stated that the court would allow Goeldner to charge only $60 per hour instead of the $100 per hour contemplated in the employment contract.
On June 20, 1984 the suit to recover assets belonging to Mrs. Middleton was successful and an order was entered directing the niece, Elizabeth Baker, to return the property to Florence Middleton. On July 26, 1984 an Accounting and a Motion for Approval of Final Accounting seeking attorneys' fees and court costs was filed by Goeldner. With the petition Goeldner submitted a bill for the legal services rendered. The bill was entitled "Miller Re: Middleton," Goeldner's file number 500 84001 totaling $9,910.32 for work performed at $60 per hour. On September 11, 1984 the conservator questioned many of the charges and a hearing was held. The chancellor entered an order allowing fees and costs totaling $9,234.32. While the conservator was actually questioning the legitimacy of the bill, Goeldner never mentioned any other file kept by Goeldner concerning these same parties and issues.
Subsequent to the hearing and approval of attorney's fees by the court, Miller (client) compared some of the bills previously received from Goeldner with the charges on the bill submitted with the accounting. The fees requested in the accounting were calculated based upon a rate of $60 per hour rather than the $100 per hour charged in the older bills.
Miller discovered that even though the rate of pay was considerably lower ($60 vs. $100 per hour) the total of each of the two bills was nearly equal to each other. Miller then notified Chancellor Baker of the possible increase in the number of hours to adjust for the lower hourly rate. Both Miller and Chancellor Baker filed complaints with the Mississippi State Bar alleging that Goeldner had "padded" the time he spent on the Middleton matter to actually *Page 405 
receive $100 per hour instead of $60 per hour allowed by the court.
After Miller made a motion to set aside the order allowing payment of fees, Goeldner presented for the first time documents for an entirely different account labeled "Miller Re: Conservatorship," file number 900 84001.
The Committee on Complaints directed its general counsel to conduct an investigation into the allegations of the complaints Mr. Miller and Chancellor Baker. At the conclusion of the general counsel's report, the Committee on Complaints directed general counsel to file a formal complaint against appellant. General Counsel filed the formal complaint on June 28, 1985. The Tribunal for the Central Supreme Court District of Mississippi, which consisted of Judge Alfred G. Nichols, John W. Prewitt, Jr., and Fred Ross, Jr., was appointed to hear the matter. The matter came to trial before the Tribunal on April 10, 1986, in Hernando, Mississippi. The Tribunal heard and viewed all testimony the Tribunal adjudicated that the State Bar had amply proven the allegations of the formal complaints.
The Complaint Tribunal, sitting as the finder of fact, determined that Goeldner fabricated the second file and the billing hours in respect thereto. First of all the Bar found that account 500 84001 totaled $7,882.62 on July 2, 1984 whereas account 900 84001 totaled $7,256.80 as late as November 29, 1984.
The Complaint Tribunal also found that the only monthly billing statements which were sent to Mr. Miller by Goeldner were for account 500 84001. Furthermore, account 500 84001 was the only account Miller made payments on.
According to Miller, no one from Goeldner's firm referred to the number 900 84001 account at any time nor did the firm request payment of any fees with respect thereto. The complaint Tribunal found that there was no valid reason for the "900" account to exist since it was billed for the identical work that was included in the "500" account. The Complaint Tribunal also found that the form used in the "New Matter Report" in the number 900 84001 file was a different from the form that was used in the number 500 84001 matter. That is, the firm changed the type of form it used at some point subsequent to accepting the employment. The Complaint Tribunal found that the "900" account, "New Matter Report", could not have been completed on January 16, 1984. As late as February 27, 1984 the firm was still using the old forms as evidenced by another file which also involved the representation of Miller. Therefore the Complaint Tribunal found that the "900" account was fabricated some time after February and after the firm began using the new forms. The Tribunal found that there were two accounts maintained by Goeldner and asserted that the 900 84001 account was fabricated by Goeldner to justify the greater number of hours allegedly spent by Goeldner.
The Complaint Tribunal and Miller found that the first time Miller was aware of the account number 900 84001 was when Goeldner responded to Miller's motion to set aside the order granting the payment of fees.
On September 11, 1984 a hearing was held to determine whether or not the final accounting was acceptable. The Complaint Tribunal asserts that at a time when the appellant's billing statement was being specifically questioned, he did not reveal to the court how he arrived at the figures included in his bill. The Complaint Tribunal pointed out that Goeldner did not make any mention of the fact that there was supposedly a compilation of the two bills or that a second account even existed which covered the same items. Goeldner did later admit at the hearing before the Complaint Tribunal that it would have been helpful and possibly would have avoided the initial complaints had he been candid about the existence of account number 900 84001. This Court believes that had the second account truly existed at the time of the hearing on the final accounting the attorney would have gladly pointed such matter out to the Tribunal.
This Court finds that even if there were two case files from the beginning, one for *Page 406 
the administration of the conservatorship and one for the litigation of asset recovery, a careful examination of the two accounts reveal that the appellant charged both accounts for the same work in many instances.
The Complaint Tribunal found that Goeldner's conduct amounted to a violation of Disciplinary Rules of the Code of Professional Responsibility of the Mississippi State Bar, his statutory oath, and duties of attorneys in the following sections of the Mississippi Code Annotated (1972) as amended, in the following particulars:
 (A) DR1-102(A)(1, 4, 5, and 6) which provides that a lawyer shall not violate a disciplinary rule, engage in conduct involving dishonesty, fraud, deceit or misrepresentation, engage in conduct that is prejudicial to the administration of justice or engage in any other conduct that adversely reflects on his fitness to practice law.
 (B) DR2-106(A) which provides that a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
 (C) DR7-102(A)(3, 4, 5, and 6) which provides that in his representation of a client a lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal, knowingly use perjured testimony or false evidence, knowingly make a false statement of law or fact, or participate in the creation or preservation of evidence when he knows that it is obvious that the evidence is false.
 (D) Section 73-3-35 of the Mississippi Code of 1972, Annotated, (1985 Supp.) which is the oath of office of an attorney and requires the attorney to demean himself with all good fidelity as well to the court as to the client and to use no falsehood nor delay any person's cause and to support the Constitution of the State of Mississippi.
Based upon the foregoing findings of fact and conclusions of law it was the judgment of the Complaint Tribunal that the respondent, Christian T. Goeldner be disbarred.
DID THE COMPLAINT TRIBUNAL MEET ITS BURDEN OF PROOF UNDER THE CLEAR AND CONVINCING EVIDENCE STANDARD?
We are charged by law to inquire whether the evidence is clear and convincing that Goeldner fraudulently padded legal time. Lawyer disciplinary proceedings are within this Court's exclusive and inherent jurisdiction. In an attorney disciplinary proceeding, the Supreme Court is the supreme trier of fact, and as a matter of law, is not bound by any findings of fact made by the Complaint Tribunal. Myers v. Mississippi State Bar,480 So.2d 1080, 1093 (Miss. 1985). However, the Supreme Court is not prohibited from giving to findings of fact made by such Complaint Tribunal such merit as in its judgment they may deserve. Mississippi Code Annotated § 73-3-329(5) (Supp. 1982) provides:
 On appeal, the court may review all of the evidence and the law and the findings and conclusions of the complaint tribunal and it may make such findings and conclusions and render such order as it may find to be appropriate based upon the whole of the record.
See also: Levi v. Mississippi State Bar, 436 So.2d 781, 782 (Miss. 1983); Mississippi State Bar v. Phillips, 385 So.2d 943, 944 (Miss. 1980); Matter of Mississippi State Bar,361 So.2d 503, 505 (Miss. 1978); Bramlett v. Burgin, 382 So.2d 284, 285 (Miss. 1979); Walls v. Mississippi State Bar, 437 So.2d 30, 32 (Miss. 1983).
The evidence in the record clearly shows that (1) Goeldner only sent monthly billings for one of the two alleged case files; (2) that Miller received only one cost estimate which pertained only to the 500 84001; (3) Miller only signed one contract for employment which referred only to the 500 84001 account; (4) the account number 500 84001 totaled $7,882.62 in July but the account number 900 84001 totaled $7,256.80 as late as November 29, 1984; (5) the work description, the date the work was performed, billable time, and the resulting fee to be collected were substantially the same yet they were all included on both accounts, that is, Goeldner charged Miller *Page 407 
two times for work; (6) the "New Matter Report" allegedly fabricated by Goeldner was a different form not adopted by Goeldner's firm until after February 1984 whereas he supposedly had maintained the account from the beginning of the attorney-client relationship which was January 16, 1984.
Having reviewed all of the record, the authorities of law and findings and conclusions of the Complaint Tribunal, this Court finds that the Mississippi State Bar has proved by clear and convincing evidence each and every act of misconduct defined in the disciplinary rules and named in the complaint necessary to support the Complaint Tribunal's findings.
 WAS THE DISCIPLINE IMPOSED BY THE COMPLAINT TRIBUNAL EXCESSIVE?
This Court has independent authority to reassess the punishment imposed in the Bar disciplinary proceedings and modify the punishment as it deems proper. Vining v. Mississippi State BarAss'n, 508 So.2d 1047 (Miss. 1987). In Mississippi State Bar v.Phillips, 385 So.2d 943 (Miss. 1980) this Court vacated an order of the Tribunal which called for suspension of an attorney and ordered instead that he be disbarred. Conversely, in AMississippi Attorney v. Mississippi State Bar, 453 So.2d 1023
(Miss. 1984) we vacated a 45-day suspension and ordered that the attorney receive a private reprimand.
According to Myers v. Mississippi State Bar, 480 So.2d 1080, 1087 (Miss. 1985) and A Mississippi Attorney v. MississippiState Bar, 453 So.2d 1023 (Miss. 1984) there is no standard as to what punishment for particular misconduct ought to be and cases are considered on a case-by-case basis.
This Court has meticulously considered Goeldner's conduct and finds it to be in direct violation of the chancellor's orders in that he charged an amount in excess of that allowed by the chancellor. We find the conduct constituted a fraudulent misrepresentation to the court and to the client. However, finding disbarment too severe, this Court vacates the order of the Complaint Tribunal disbarring Goeldner and orders instead that he be suspended for a period of two years from the date this decision becomes final. See: Mississippi State Bar v. Young,509 So.2d 210 (Miss. 1987).
COMPLAINT TRIBUNAL ORDER REVERSED AND APPELLANT SUSPENDED FOR A PERIOD OF TWO YEARS.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.