579 So.2d 559 (1991)
MISSISSIPPI STATE BAR
v.
ATTORNEY D.
No. 90-BA-0442.
Supreme Court of Mississippi.
April 24, 1991.
*560 Charles J. Mikhail, Jackson, for appellant.
No brief filed for appellee.
En Banc.
ROY NOBLE LEE, Chief Justice, for the Court:
On February 13, 1989, the Mississippi State Bar filed a complaint against Attorney D alleging that he violated certain rules of the Mississippi Rules of Professional Conduct. A hearing was conducted before the Complaint Tribunal, on December 18, 1989. That tribunal dismissed the complaint against Attorney D with prejudice. The Mississippi State Bar appeals such dismissal, asserting that the Complaint Tribunal erred in dismissing the complaint and not imposing disciplinary action against Attorney D.

FACTS
In December of 1986, James E. Stanford, a truck driver for Barclay Furniture, located in Sherman Mississippi, was involved in an automobile accident. As a consequence of Stanford's accident, he was no longer permitted to drive Barclay's trucks, for which Stanford was paid six hundred dollars ($600.00) a week in compensation, but was transferred to work in Barclay's warehouse, at a wage of two hundred dollars ($200.00) per week. Dissatisfied with working in the warehouse, Stanford retained Attorney D to represent him in a claim against Barclay in federal court. Attorney D and Stanford agreed to refrain from filing suit until after July 1987, because Barclay was going to start doubling up on truck drivers after that date and they hoped that, as a result, Stanford would be allowed to return to driving Barclay's trucks.
In November of 1987, Stanford became dissatisfied with the double driver arrangement and instructed Attorney D to file the suit. Between November 1987 and January 1988, Stanford checked weekly with Attorney D to see if the suit had been filed. Such suit not having been filed, Stanford, on February 4, 1988, went to the attorney's office to inquire why his suit had not been filed. In response to Stanford's inquiry, Attorney D explained that he had indeed filed the suit. Stanford then informed Attorney D that he had just recently contacted the clerk of the federal district court, located in Oxford Mississippi, and discovered that the suit had not been filed.
According to Stanford, Attorney D then made a frantic verbal effort to cover up the fact that he had not filed the suit. Attorney D finally admitted to Stanford that he had not filed the suit claiming that the pleadings were on his word processor. Attorney D begged Stanford to give him more time to file the suit. Stanford terminated Attorney D's services and demanded the return of his money.
A bar complaint was filed on February 13, 1989 against Attorney D who, in answer to the complaint, admitted all the factual allegations alleged in the complaint, except for one paragraph which alleged that Attorney D was unfit for the practice of law. The Mississippi State Bar, on December 4, 1989, moved for judgment on the pleadings or summary judgment. A hearing was conducted before the Complaint Tribunal on December 18, 1989. That tribunal found Attorney D had been candid, humble, forthcoming, and freely admitted *561 his conduct. The tribunal further found Attorney D promptly returned Stanford's money, that Stanford had not been prejudiced by the attorney's conduct and that Attorney D had no record of prior misconduct. The tribunal held that under the facts and circumstances of the case an "Informal Admonition" would be proper. Such tribunal recognizing that it had no jurisdiction to impose an informal admonition, dismissed the cause against Attorney D with prejudice.

LAW
This Court has exclusive inherent jurisdiction over attorneys, and their licenses to practice law. Mississippi State Bar v. Nichols, 562 So.2d 1285, 1287 (Miss. 1990); Mississippi State Bar v. Nixon, 494 So.2d 1388, 1389 (Miss. 1986); Mississippi State Bar v. Phillips, 385 So.2d 943, 944 (Miss. 1980). "Even though this Court convenes a Tribunal to make findings of fact and recommendations, this Court addresses the case de novo." Nichols, 562 So.2d at 1287; See Levi v. Mississippi State Bar, 436 So.2d 781, 782 (Miss. 1983). This Court has the independent authority to reassess the punishment meted out by the tribunal and increase or decrease the punishment as it deems proper. Myers v. Mississippi State Bar, 480 So.2d 1080, 1094 (Miss. 1985). There is no standard as to what punishment for particular misconduct ought to be. Goeldner v. Mississippi State Bar Ass'n, 525 So.2d 403, 407 (Miss. 1988). Cases are considered on a case by case basis. Id.
In the case at bar the Complaint Tribunal, having examined the pleadings and arguments of counsel, determined that, under the facts and circumstances, an informal admonition would be proper. The Complaint Tribunal, however, possesses no authority to impose an informal admonition. Miss. Rule 8(b) states:
At the conclusion of the hearing, upon majority vote, the tribunal shall render a written opinion incorporating a finding of fact and a judgment which may:
(i) Exonerate the accused attorney and dismiss the Formal complaint; or
(ii) Publicly or privately reprimand the attorney; or
(iii) Suspend the attorney with or without probation for a fixed period of time and may specify conditions precedent to reinstatement; or
(iv) Disbar the attorney.
Id.
When Attorney D's "sins had found him out" he was candid, humble, and freely admitted his misconduct and untruthfulness with his client. Attorney D filed no appellee's brief in the present appeal, which is tantamount to a confession of error. Dethlefs v. Beau Maison Development Corp, 458 So.2d 714, 717 (Miss. 1984); Collins v. Lowndes County Public Welfare, 555 So.2d 71, 72-3 (Miss. 1989); In Interest of R.T., 520 So.2d 136, 138 (Miss. 1988). We think that misrepresenting facts to a client, and misleading and being untruthful to a client, are not trivial matters and are a poor reflection upon attorneys and the legal profession. Therefore, we are of the opinion that a private reprimand should be, and it is, ordered to be issued to Attorney D.
REVERSED AND RENDERED. PRIVATE REPRIMAND ORDER TO BE ISSUED TO ATTORNEY D.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.