589 So.2d 119 (1991)
ATTORNEY BT
v.
MISSISSIPPI BAR[1].
No. 90-BA-0680.
Supreme Court of Mississippi.
November 6, 1991.
*120 Dan C. Taylor, Ellisville, for appellant.
Charles J. Mikhail, Jackson, for appellee.
En Banc.
PRATHER, Justice, for the Court:
Attorney BT, a member of the Mississippi Bar, was suspended from the practice of law for 60 days by a Complaint Tribunal, appointed by this Court, for violation of DR6-101(A)(3) and DR7-101(A)(3) on the complaint of the Mississippi Bar. Attorney BT asserts judicial estoppel and appeals for review.

STATEMENT OF THE CASE
In January of 1982, Attorney BT was hired as counsel for an accused in a capital murder trial. On August 6, 1982, the client was convicted of non-capital murder and sentenced to life in prison. The client desired to appeal, and Attorney BT perfected an appeal to this Court. Attorney BT, however, after additional time was twice granted for filing the appellant's brief, failed to file brief with this Court. As a result on May 11, 1983, the client's appeal was dismissed for lack of prosecution. The client pro se asked for reinstatement of his appeal, which was granted by this Court.
On July 27, 1983, this Court ordered that Attorney BT appear before the Court to show cause why he should not be held in contempt for failing to prosecute his client's appeal. On August 17, 1983, Attorney BT responded to the show cause order, and on August 30, 1983, this Court found that Attorney BT was indeed in contempt of court for his failure to file the client's appeal brief. On September 27, 1983, this Court imposed the sanction of a $500.00 fine on Attorney BT, with $250.00 suspended provided that Attorney BT pay the $250.00 timely and comply with its briefing schedule. Attorney BT paid the $250.00 and complied with the briefing schedule. His client's appeal resulted in an affirmance of his conviction.
On February 13, 1989, a formal complaint was filed by the Mississippi Bar with the Clerk of this Court on complaint of the client. The Mississippi Bar alleged that Attorney BT violated certain rules of the Disciplinary Rules of the Code of Professional Responsibility, and that he demonstrated unprofessional and unethical conduct evincing the unfitness for the practice of law providing grounds for discipline, and reuested that the Tribunal impose discipline against Attorney BT. On February 14, 1989, this Court designated the members of the Complaint Tribunal to conduct the hearing on the formal complaint.
On March 8, 1989, Attorney BT filed an answer to the formal complaint. In the answer, he asserted as one of his defenses that the action by the State Bar was barred by collateral estoppel and res judicata because this Court had previously considered the misconduct set forth in the formal complaint. Attorney BT also asserted that Rule 1(a) of the Mississippi Rules of Discipline of the Mississippi Bar gives this Court original jurisdiction of disciplinary matters.
On March 1, 1990, the cause was considered by the Complaint Tribunal. Attorney BT moved to dismiss the action because the action of the Complaint Tribunal was barred by the action taken against him by this Court, which he considered as final. The Tribunal heard argument on the motion, and overruled the motion, stating that the Bar is responsible for initiating actions to determine if the Rules of Professional Conduct have been violated, and this responsibility is not limited solely to a finding of contempt by the Supreme Court. In its opinion and judgment, the Complaint Tribunal found that Attorney BT violated DR6-101(A)(3) and DR7-101(A)(3), and suspended Attorney BT from the practice of law for 60 days.
Attorney BT filed a motion to reconsider, which was denied, and now appeals to this Court asserting that the Complaint Tribunal was judicially estopped from hearing the action because this Court had original and final jurisdiction of disciplinary matters *121 governing attorney misconduct and had previously disposed of the matter on the merits.

DISCUSSION OF ISSUES
When disciplinary actions are appealed, this Court reviews the entire record, findings and conclusions of the Complaint Tribunal and renders such orders as deemed appropriate by this Court. Vining v. Mississippi State Bar Association, 508 So.2d 1047, 1048 (Miss. 1987). Attorney BT does not challenge the findings of the Complaint Tribunal. He argues that the Complaint Tribunal was barred by res judicata from considering the matter, as this Court had already adjudicated his misconduct in 1983 by finding him in contempt.
The Rules of Discipline for the Mississippi State Bar places exclusive jurisdiction of disciplinary matters in this Court. Rule 1 states:
RULE 1. JURISDICTION
(a) The Supreme Court of Mississippi (the Court) has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment, and appointment of receivers for suspended and disbarred attorneys, and hereafter such proceedings shall be conducted in accordance with these rules. The Court shall be the ultimate judge of matters arising under these rules, and from time to time the Court shall review these rules and amend them when necessary or desirable.
Attorney BT relies on this rule to argue that because this Court has exclusive jurisdiction of disciplinary matters that it could have imposed any judgment, sanction or discipline that it felt appropriate, under Miss.Sup.Ct.R. 46(d)[2]. By so arguing, Attorney BT implies that this Court took the action that it felt was appropriate for any misconduct by finding him in contempt. Thus, any further adjudication of the same misconduct by the Complaint Tribunal is barred by res judicata. Attorney BT's reliance on Rule 46(d), however, is in error, as that rule simply provides sanctions for frivolous pleadings, similar to Miss.R.Civ.P. 11, and does not outline the Court's options for imposing discipline for misconduct.
The Mississippi Supreme Court is given exclusive jurisdiction of disciplinary matters. Miss. Code Ann. §§ 73-3-301, et seq. (1972). To aid this Court in the administering of that jurisdiction, five agencies were established. Those agencies are listed in Rule 3 of the Rules of Discipline. Rule 3 provides:
RULE 3. DISCIPLINARY AGENCIES DESIGNATED
For the purpose of administering the Court's disciplinary jurisdiction, the following entities are hereby established and designated as agencies of the Court.
(a) The Board of Commissions of the Bar.
(b) The Executive Director of the Bar and Complaint Counsel.
(c) Committee on Professional Responsibility.
(d) The Complaint Tribunal and Panels appointed by the Court.
(e) Receivers designated by the Court, a tribunal or the Court.
The administering of disciplinary jurisdiction has been delegated to the agencies of the Court. In Rule 2 of the Rules of Discipline, these disciplinary agencies are given the jurisdiction and lawful powers necessary to dispose of a complaint of misconduct against an attorney through investigation, prosecution, and discipline. After final disposition, either the Bar or the accused attorney may appeal, as a matter of right, to this Court. Rule 9 of the Rules of Discipline.
The disciplinary agencies are not separate and independent of the Court, as they are an arm of the Court; but the function *122 that is delegated to them is separate and independent from the Court's primary function as this State's highest appeals court. Aside from its responsibilities as a disciplinarian for the Mississippi Bar, this Court must maintain control of the practice and proceedings that occur before it as an appeals court.
When the Court found Attorney BT in contempt of court in 1983, it was not exercising its disciplinary jurisdiction, as that is delegated to the disciplinary agencies, but was exercising inherent authority to enforce its rules of procedure under its rule-making power. This is necessary to maintain its practice and proceedings as an appeals court. Nothing in the Rules of Discipline should be construed to deny the Court that power. Rules of Discipline 1(b) states:
(b) Nothing contained in these rules shall be construed to deny to any other court such powers as may be necessary for that court to maintain control over practice and proceedings conducted before it; such as the power of contempt, not to prohibit local bar associations from censuring, suspending, or expelling their members from membership in such local bar associations.
Attorney BT was before the Court to show cause why he should not be found in contempt for failing to timely file an appeal brief. He was not before the Court on the issue of discipline for possible misconduct. Attorney BT's contemptuous act was not discipline for misconduct, but punishment for violating a Court rule. This Court in no way adjudicated the disciplinary matter on the merits, as that entire process has been given to the disciplinary agencies. Thus, Attorney BT's argument fails.
In regard to the findings of the Complaint Tribunal, this Court hears appeals de novo, and is thus the ultimate trier of fact, and is not bound by the findings of the Complaint Tribunal. However, the findings of the Complaint Tribunal may be given full deference. Goeldner v. Mississippi State Bar Association, 525 So.2d 403, 406 (Miss. 1988). The Complaint Tribunal found that Attorney BT neglected a legal matter entrusted to him, in violation of DR6-101(A)(3)[3]; that he intentionally prejudiced or damaged the client during the course of their relationship, in violation of DR7-101(A)(3)[4]; and that his conduct warranted discipline in the form of a sixty (60) day suspension.
Though the appeal was later reinstated, Attorney BT neglected to timely file the client's brief. In the 1983 show-cause hearing, Attorney BT offered his calendar in an attempt at mitigation, which showed that Attorney BT was a busy attorney. However, this does not reduce his responsibility to each individual client. The findings of the Complaint Tribunal that Attorney BT violated the Code of Professional Responsibility are deserving of merit. However, this Court considers the delay from 1983, when the action complained of was committed by Attorney BT and the already-imposed sanction for rule violation by this Court. The complaint by the client was not made before the Board of Bar Commissioners until 1989. In light of all these facts, this Court holds that the suspension of sixty (60) days is unduly harsh and severe. The prior sanction and this private reprimand is adequate to provide discipline for this violation.
The sanction of the Complaint Tribunal is modified and Attorney BT is privately reprimanded.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] 1991 Miss. Laws § 73-3-101, effective July 1, 1991 provide, "The resident lawyers now authorized to practice law in the State of Mississippi are hereby and herewith constituted an association which shall be known as the Mississippi Bar."
[2] (d) Disciplinary Power of the Court over Attorneys. Every petition, motion, brief or other paper filed by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. The Court may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar, or for failure to comply with these rules or any order of this Court, or for filing any frivolous petition, motion, brief or other paper.
[3] DR6-101 Failing to Act Competently.

(A) A lawyer shall not:
... .
(3) Neglect a legal matter entrusted to him.
[4] DR7-101 Representing a Client Zealously.

(A) A lawyer shall not intentionally:
... .
(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR7-102(B).