I disagree with the majority's conclusion that the tardy delivery of the executed release was a violation of Section 1.15(b) of the Rules of Professional Conduct. In my view, the release was not money or property within the meaning of the provision.
I also disagree with the conclusion that the misconduct proven warranted a one-year suspension. Ms. Terrell's sins were primarily of neglect and, apparently that sin persisted even in her response to the instant disciplinary *Page 1389 
process. I would reduce the suspension to six months. See,Attorney ST v. The Mississippi Bar, 621 So.2d 229 (Miss. 1993) (Private reprimand for lying to a potential witness); Attorney Mv. The Mississippi Bar, 621 So.2d 220 (Miss. 1992) (Private reprimand for lying to a juror); and Attorney D v. TheMississippi Bar, 579 So.2d 559 (Miss. 1991) (Private reprimand for lying to client); Vining v. State, 508 So.2d 1047 (Miss. 1987) (Public reprimand for neglecting client's case allowing statute of limitations to run and lying to the client about it.)
Accordingly, I dissent.
DAN M. LEE, P.J., and McRAE, J., join this dissent.