# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CP-00884-SCT

*IN THE MATTER OF THE SANCTION OF*
*SANFORD KNOTT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/08/97 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LEONARD McCLELLAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 1/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE PRATHER, C.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This case raises the issue of whether a trial court has the jurisdiction to impose sanctions upon an attorney not engaged in a proceeding before the trial court and whether the district attorney has standing to request that the attorney be required to make monetary restitution to the county without prior approval by the attorney general. We find that the trial court did not have the jurisdiction to discipline the attorney. Nor did the district attorney have standing to seek monetary damages without prior approval from the attorney general. Accordingly we reverse and render.

**I.**

¶2. This matter arises out of a criminal proceeding in the Circuit Court of the First Judicial District of Hinds County, Mississippi, styled ***State v. Kenneth Tornes***, Cause No. 96-2-103. Kenneth Tornes ("Tornes") was charged with several counts of murder and aggravated assault. On May 1, 1996, during Tornes' initial appearance before Municipal Judge Oran Page it was ascertained that Tornes, as a former employee of the Jackson Fire Department, should have had approximately Twenty Thousand Dollars ($20,000.00) in

contributions to the Public Employees Retirement System of Mississippi ("PERS"). Despite this determination, Judge Page temporarily appointed the Hinds County Public Defender's Office to represent Tornes. Judge Page testified that he was concerned that if a public defender was not appointed for Tornes "the detectives would have an opportunity to perhaps get a confession from him...[and] that the whole thing might have been reversed for some irregularities in the procedure." Judge Page made the appointment on a temporary basis to protect the defendant's rights until the retirement funds could be used to hire an attorney; however, he did not make arrangements to determine whether the retirement funds were available to Tornes for the employment of an attorney.

¶3. In appointing the Hinds County Public Defender's Office to defend Tornes, Judge Page had Tornes sign an Affidavit of Indigency, which stated in pertinent part:

> I, the undersigned, being first duly sworn, depose and say:
>
> . . . .
>
> I am absolutely destitute and own no personal property or automobiles of any kind whatsoever, nor are there any monies or property due and owing to me from any person. I have no money on deposit in any bank or savings institution. I am unable to obtain any pay counsel to defend me or to pay any incidental expenses which may be incurred in the conduct of my defense.

Judge Page admits that he did not go over the assertions contained in the affidavit with Tornes nor was Tornes placed under oath prior to signing the affidavit.

¶4. In August of 1996, Tornes hired attorney Sanford Knott ("Mr. Knott") to draft a will, draft a power of attorney, obtain his antique pickup from the Jackson Police Department, and to collect and disburse his retirement funds. Mr. Knott took the steps necessary to procure the disbursement of the retirement funds held in Tornes' PERS account. As a result of Mr. Knott's efforts, on September 15, 1996, PERS issued a check in the amount of Sixteen Thousand, One Hundred Twenty-two and 95/100 Dollars ($16,122.95) made payable to Kenneth D. Tornes in care of Attorney Sanford Knott, Post Office Box 1208, Jackson, MS 39215-1208.

¶5. Upon receipt of the check Mr. Knott endorsed the check and had it deposited to his clients trust account. On September 26 and 27, 1996, the majority of the funds were distributed to the surviving children of Tornes' ex-wife, who he was accused of murdering. Mr. Knott retained One Thousand Fifty Dollars ($1,050.00) for attorney's fees. Mr. Knott did not participate in representing Tornes in the criminal proceedings.

¶6. In October 1996 Mr. Knott sought to obtain possession of Tornes' antique truck which was being held in the Jackson Police Department impound. As a result of Mr. Knott's efforts the District Attorney filed a Motion for Review of Indigency. The Motion, which was served on Mr. Knott on March 13, 1997, alleged that Tornes misrepresented his indigency by signing the Affidavit of Indigency and that Mr. Knott assisted Tornes in obtaining and safeguarding his assets. The State requested that the trial court terminate Tornes' representation by the public Defender's Office, or in the alternative, require the defendant or Mr. Knott to pay the retirement funds and the market value of the truck to Hinds County.

¶7. The State's Motion for Review of Indigency came on for hearing on March 28, 1997. During the hearing Mr. Knott was called to the stand. The District Attorney elicited testimony that Mr. Knott was

aware that Tornes was represented by the Public Defender's Office in the criminal matter. Mr. Knott testified that he had previously been employed by the Hinds County Public Defender's Office and was aware that state law required persons represented by the Public Defender's Office to be indigent.

¶8. The District Attorney proceeded to question Mr. Knott regarding the requirements of Rules 3.3(a)(2) and 3.3(b) of the Mississippi Rules of Professional Conduct. However, the trial court stopped this line of questioning, stating:

> We are here on the question of whether or not the public defender is to continue. That is the sole purpose of this hearing. I think Mr. Knott needs an opportunity to have a defense and respond to what you are going into now. And I want to go ahead and make a ruling on this motion, and then reset this where he can have appropriate representation. I don't feel comfortable in the posture that this is in right now.

The trial court further admonished Mr. Knott that as a result of the issues raised by the State he faced possible sanctions and might be required to compensate Hinds County for the money spent.

¶9. The matter regarding Mr. Knott's liability was heard on May 5, 1997, at which time Mr. Knott appeared with counsel and offered testimony as to his representation of Tornes. At the conclusion of the hearing the trial court issued a bench ruling, which was subsequently reduced to a written judgment, in which Judge Hilburn found that Mr. Knott, as an officer of the court was always under the jurisdiction and control of the court. Judge Hilburn further found that Mr. Knott had violated the "Rules of Conduct" and as such would be required to pay the retirement funds to Hinds County. Mr. Knott filed various post-trial Motions, in response to which a Final Judgment was entered on July 9, 1997.

## II.

### A.

¶10. Mr. Knott raises the issue of whether the trial court had jurisdiction to discipline him for violating a disclosure rule when Mr. Knott did not have any matters or proceedings before the trial court. This Court is vested with exclusive and inherent jurisdiction over matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. Miss. R. Discipline 1(a). The administration of the Court's disciplinary jurisdiction has been delegated to disciplinary agencies, Miss. Rules of Discipline 2 & 3, and procedures have been established for the initiation of and filing of an action involving attorney misconduct. Miss. R. Discipline 4.

¶11. The Rules of Discipline are not be construed as denying any court the power necessary to maintain control over practices and proceedings conducted before it, such as the power of contempt. Miss. Rule of Discipline 1(b). A court's power to maintain control over the proceedings before it is not grounded in its punitive jurisdiction, but in the necessary and inherent power to regulate its proceedings. *In re Lewis*, 654 So. 2d 1379, 1383 (Miss. 1995). The trial court found that it had jurisdiction over Mr. Knott on the grounds that Mr. Knott "being an officer of this Court is, of course, always under the jurisdiction and control of the Court." However, the jurisdiction of a trial court to punish an attorney extends no further than is necessary to control those practices and proceedings before it.

¶12. Even this Court has recognized its limited jurisdiction to discipline an attorney. This Court has two separate and distinct functions in determining attorney disciplinary matters: (1) to act as this State's highest

appellate court; and (2) to maintain control of the practice and proceedings before it. ***Attorney BT v. Mississippi Bar***, 589 So. 2d 119, 122 (Miss. 1991). In ***Attorney BT*** the Court disciplined an attorney for failing to timely file an appeal brief. ***Id.*** In so doing the Court was not deciding an issue of discipline for ethical misconduct, but rather an issue of punishment of an attorney for violation of a Court rule. ***Id.*** On the other hand, in upholding a subsequent action against Attorney BT by the Complaint Tribunal, this Court stated that the later action was an adjudication on the merits and as such must be handled by the disciplinary agencies which "are given the jurisdiction and lawful powers necessary to dispose of a complaint of misconduct against an attorney through investigation, prosecution, and discipline." ***Id.*** at 121.

¶13. A Washington state court facing the same issue similarly interpreted its statute which granted exclusive jurisdiction over attorney disciplinary matters to its Supreme Court. In ***Danzig v. Danzig***, 904 P.2d 312 (Wash. Ct. App. 1995), a trial court sanctioned an attorney for his unethical conduct arising out of a matter that was not before that court. On appeal it was held that the trial court has the power to police the conduct of an attorney in an action before it, as well as, the duty to initiate disciplinary action against an attorney whose unprofessional conduct comes to its attention. ***Id.*** at 316. However, the trial court does not have subject matter jurisdiction to discipline an attorney for misconduct in matters which are not before the court. ***Id.*** at 315-16.

¶14. In the case at bar, any misconduct on the part of Mr. Knott arose from an engagement which was separate and distinct from the action which was pending before the circuit court. The action pending before the trial court was a criminal action. Mr. Knott was not involved in representing Tornes in the criminal action. Mr. Knott was hired to draft a will, draft a power of attorney, obtain Tornes' antique pickup truck from the Jackson Police Department, and to collect and disburse his retirement funds. The services Mr. Knott provided to Tornes did not constitute "practices and proceedings" before the trial court. Therefore, we find that the trial court exceeded its jurisdictional authority by disciplining Mr. Knott for alleged ethical misconduct.

**B.**

¶15. Mr. Knott next raises the issue of whether the District Attorney had standing to bring an action against him on behalf of Hinds County, Mississippi without prior approval from the Attorney General. It is the duty of the trial court to make an initial determination as to whether the district attorney has the legal capacity to bring the action. ***Kennington-Saenger Theatres, Inc. v. State ex rel. District Attorney***, 196 Miss. 841, 864, 18 So. 2d 483, 485 (1944). Where it is determined that the district attorney lacks the legal capacity to bring the action the trial court is without jurisdiction to render a binding judgment. ***Id.***

¶16. The State argues that there is no statutory language or case law which prohibits it from bringing an action of this type without prior approval by the attorney general. In support of this contention the State cites ***Miss. Code Ann.*** § 25-31-11(1) (1991), which states that the district attorney has the duty to "appear in the circuit courts and prosecute for the state in his [sic] district ... all civil cases in which the state or any county within his district may be interested." However, ***Miss. Code Ann.*** § 25-31-17 (1991), states:

> It shall be the duty of the district attorney, ... with the approval of the attorney general to institute and prosecute to effect, before the proper court, all persons indebted to the state or any county within his [sic] district.

Pursuant to this language an action to obtain funds payable to the county can not be brought without prior approval by the attorney general.

¶17. Any conflict between the two statutes has previously been resolved by this Court. Where statutes dealing with the same issue are in apparent conflict they should, "so far as reasonably possible, be construed in harmony with each other so as to give force and effect to each." *Greaves v. Hinds County*, 166 Miss. 89, 98, 145 So. 900, 901 (1933). The court in *Greaves* held that *Miss. Code Ann.* § 25-31-11(1) (1991) (corresponding to Code 1930, § 4363), was a general statute setting out the comprehensive authority of the district attorney. *Greaves*, 166 Miss. at 99, 145 So. at 901. On the other hand, *Miss. Code Ann.* § 25-31-17 (1991) (corresponding to Code 1930, § 4366), was a special statute. *Greaves*, 166 Miss. at 99, 145 So. at 901. Where a special statute is encompassed within the general statute the special statute is viewed as an exception to the general statute. *Id.*

¶18. The State argues that *Greaves* is distinguishable from the case at bar on the grounds that in *Greaves* the district attorney sought to recover misappropriated public funds as opposed to the recovery of private funds. The applicable statute does not make any distinctions between a suit to recover public funds as opposed to private funds. *Miss. Code Ann.* § 25-31-17 (1991). Additionally, the action in the case at bar sought the recovery of public funds. The State claims that it is entitled to recover the funds as a reimbursement to Hinds County for the public funds spent in the representation of Tornes. Similarly, in *Greaves*, the district attorney sought reimbursement of public funds from the private assets of the defendants in their individual capacities. *Greaves*, 166 Miss. at 99, 145 So. at 901. Therefore, we conclude that the district attorney is required to obtain approval from the attorney general prior to bringing a civil action to recover an indebtedness to the county irrespective of the sources of the funds sought.

### III.

¶19. For the above stated reasons the Judgment of the lower court is reversed and rendered.

¶20. **REVERSED AND RENDERED.**

**PRATHER, C.J., SULLIVAN, P.J., McRAE AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., AND MILLS, J. ROBERTS, J., JOINS IN PART.**

### SMITH, JUSTICE, DISSENTING:

¶21. The Majority bases its reversal on the premise that the trial court improperly disciplined Sanford Knott. This is a mischaracterization of events. Rather, this case is about Hinds County, Mississippi recovering funds improperly expended on behalf of an alleged indigent, one Kenneth Tornes, by a former public defender, Sanford Knott.

¶22. The Majority holds that the Circuit Court of the First Judicial District of Hinds County was without jurisdiction to require Knott to repay to the county funds he disbursed at Defendant Tornes' request. I disagree. The Majority tries to make much out of the fact that Knott's involvement "was separate and distinct from the action which was pending before the circuit court." Majority Opinion at 7. The Majority overstates the facts. It is true that Knott was not involved in Tornes' defense of criminal allegations. However, Knott was a former public defender and was hired by Tornes to disburse his retirement funds. Upon knowledge of this arrangement, the district attorney brought a Motion for Review of Indigency in the

circuit court. "The circuit court is empowered to hear and determine all motions . . ." URCCC 2.02.

¶23. The status of Defendant Tornes' finances were clearly before the court at this point to determine whether Tornes should continue to benefit from the aid of a public defender. Thus, the role of Knott in expending Tornes' funds was also properly a part of the proceedings. The trial court then had jurisdiction to require Knott to repay the funds since Tornes was obviously not indigent, as Tornes had claimed when he executed the affidavit to that effect.

¶24. This Court has said, as follows:

> The Rules of Discipline do not and cannot deprive any court of such powers as may be necessary for that court to maintain control over practice and proceedings conducted before it in ongoing cases or over the continuing conduct of an attorney which disrupts justice. Miss.R.Disc. 1(b). This Court has specifically enunciated the retention of that power.

> The Court may, after reasonable notice and opportunity to show cause to the contrary, and after hearing, if requested, impose such sanctions as may be appropriate on any party, court reporter, trial court clerk, or attorney who fails to comply with these rules or any order issued pursuant to these rules....

> Miss.R.App.P. 2(b). Any court without such power is something less than a court.

*In re Lewis*, 654 So.2d 1379, 1382 (Miss. 1995). It is clear here that the Circuit Court of the First Judicial District of Hinds County has the power to maintain control over the proceedings before it in the ongoing case of the prosecution of Kenneth Tornes, and Knott's actions on behalf of Tornes inarguably disrupted those proceedings. The circuit court acted in accord with its authority under Uniform Circuit and County Court Rule 1.03[1] when it required Knott to repay the funds he improperly (without court approval or knowledge) expended on behalf of Defendant Tornes, so that the taxpayers of Hinds County would not have to pay the legal bills of this now convicted murderer.

¶25. Circuit Judge Breland Hilburn drives this point home in his Order when he states,

> The Court further finds that the discussion with Judge Page of the existence of retirement funds on deposit was not authorization for Mr. Knott to acquire these funds and disburse them without first obtaining approval of this Court. Mr. Knott was neither privy to this discussion nor retained by Tornes at that time. His failure to obtain authority and to advise the Court of his intention to dispose of these assets is a violation of his responsibilities of full disclosure to this Court.

The circuit court did not allege ethical violations requiring disciplinary action nor did the court discipline him. In fact, Judge Hilburn admonished the district attorney during the hearing on the motion when he attempted to question Knott about possible ethical violations, as follows:

> We are here on the question of whether or not the public defender is to continue. That is the sole purpose of this hearing. I think Mr. Knott needs an opportunity to have a defense and respond to what you are going into now. And I want to go ahead and ruling on the motion, and then reset this where he can have appropriate representation. I don't feel comfortable in the posture that this is in right now.

This statement alone is sufficient to refute the Majority's view that the trial judge imposed discipline upon Knott. The court simply had him repay to the county funds he disbursed without court approval as the court has the authority to do under the rules. Accordingly, this Court should affirm the circuit court's judgment.

¶26. The Majority also holds that the district attorney was without standing, because "the district attorney is required to obtain approval from the attorney general prior to bringing **a civil action** to recover an indebtedness to the county irrespective of the sources of the funds sought." Majority at 9 (emphasis added). The Majority supports this conclusion with a well-reasoned analysis of the applicable statutes and case law. However, the record shows that the district attorney simply filed a Motion for Review of Indigency once it was discovered that Mr. Knott was disbursing Tornes' retirement funds without court approval. As stated above, URCCC 2.02 empowers the court to hear and determine such motions. Moreover, no "civil action" was brought by the district attorney. "A civil action is commenced by filing a complaint with the court." Miss. R. Civ. P. 3(a). The record only reveals a Motion for Review of Indigency in an ongoing criminal prosecution.

¶27. Surely, the Majority does not mean to hold that the district attorney does not have standing to file a motion before the trial court in an ongoing criminal case. However, as it is, the Majority opinion would require the district attorney to get the prior approval of the attorney general before any motion was filed that might have the effect of recovering improperly disbursed funds. Such a broad reading of the statutes is both uncalled for and has the potential for great mischief. I respectfully dissent.

**PITTMAN, P.J., AND MILLS, J., JOIN THIS OPINION. ROBERTS, J., JOINS IN PART.**

1. RULE 1.03 SANCTIONS

Any person embraced within these rules who violates the provisions hereof may be subjected to sanctions, contempt proceedings or other disciplinary actions imposed or initiated by the court.