**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2014-CA-01640-COA**

**SHIRLEY BYERS**                                                                          **APPELLANT**

**v.**

**BARBARA TURNER**                                                                          **APPELLEE**

DATE OF JUDGMENT:               10/17/2014
TRIAL JUDGE:                    HON. HENRY L. LACKEY
COURT FROM WHICH APPEALED:      MARSHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         KENT E. SMITH
ATTORNEY FOR APPELLEE:          BARBARA TURNER (PRO SE)
NATURE OF THE CASE:             CIVIL - CONTRACT
TRIAL COURT DISPOSITION:        JUDGMENT OF $2,500 IN FAVOR OF
                                APPELLEE
DISPOSITION:                    REVERSED AND RENDERED - 05/03/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this fee dispute between attorney and client, we must decide whether the circuit

court erred in sanctioning the attorney and entering a judgment in favor of the client.

**FACTS AND PROCEDURAL HISTORY**

¶2.     A petition to modify child custody was filed in the Chancery Court of Marshall

County, Mississippi, against Barbara Turner.[1]   On May 26, 2010, Turner had an initial

---

    [1] Turner was previously granted custody of her grandchild by the Juvenile Court of
Memphis and Shelby County, Tennessee. Since that time, Turner and her grandchild moved
to Mississippi. The child's father sought custody upon release from prison. The child's
mother is deceased.

conference with Shirley Byers—an attorney—to discuss the petition. And on June 3, 2010, Turner entered into an agreement with Byers for legal services, which provided:

> In consideration of the services rendered and to be rendered, we hereby agree to the following:
>
> A.    To pay $2,500.00 in legal fees, plus all legal expenses.
>
> B.    To pay all expenses incurred in litigating [the] claim, which will be invoiced monthly and/or at the conclusion of the legal matter herein.
>
> Client understands that Attorney charges $150.00 per hour and that the hourly rate will be deducted from the retainer until said retainer is exhausted. If the retainer exhausts before the final disposition of the case, the Client agrees to pay the necessary sum to bring the case to a conclusion. Said rate will not increase above $150.00 per hour.
>
> Attorney will refund any unearned advance payment if there should be termination of the representation herein.

¶3.    On June 22, 2010, the Chancery Court of Marshall County transferred the custody matter to Tennessee, and Turner retained an attorney who was licensed to practice law in that state.[2]

¶4.    In August 2010, Byers mailed a letter to Turner, which acknowledged "numerous phone calls" from Turner. Byers stated that although Turner requested an itemized statement of the legal services that were provided in her case, it was not Byers's practice to provide such a statement. Byers stated that because Turner retained another attorney to proceed with the custody matter in Tennessee, Byers's representation of Turner was concluded. In response, Turner sent a letter to Byers expressing concerns about lack of communication and

---

[2] Ultimately, the Juvenile Court of Memphis and Shelby County dismissed the petition for modification of child custody.

the amount of time spent on her case.

¶5.    Turner submitted a request for mediation or binding arbitration with the Mississippi Bar's Fee Dispute Resolution Committee.[3]   However, Byers failed to agree to either mediation or binding arbitration.  Therefore, the matter was closed.[4]

¶6.    Subsequently, Turner filed a declaration with the Justice Court of Marshall County, seeking a refund from Byers.  In June 2011, a hearing was held, and the court awarded Turner $1,750 in damages and $64 in court costs.

¶7.    One week later, Byers appealed to the Circuit Court of Marshall County, and a bench trial was eventually held in September 2014.  At trial, Byers—for the first time—produced an itemized statement and testified that her legal services for Turner totaled 18.1 hours; however, the itemized statement lacked specific dates. Byers also testified that Turner's legal fees should have been $2,715.[5]  Byers stated that she created the itemized statement based on a review of the case file as well as her notes and calendar.  Turner testified that if she had received an itemized statement prior to trial, she "wouldn't be sitting [in court]."

¶8.    The circuit court held that Byers was obligated to keep Turner reasonably informed and promptly comply with any reasonable requests for information regarding Turner's

---

[3] The Mississippi Bar acknowledged Turner's request by letter dated September 14, 2010.

[4] "[I]f the Respondent fails to return an executed agreement to submit to either Mediation or Binding Arbitration within fifteen days, the matter shall be closed because of lack of jurisdiction."  Fee Dispute Resolution Committee Rules of Procedure IV(F).

[5] Byers testified that she did not charge Turner $10 for filing fees or approximately $200 for research.

business; therefore, Byers should have provided Turner with an itemized statement. Ultimately, the circuit court invoked its "inherent power to sanction" Byers in the amount of $2,500 for "obstinate and unreasonable refusal to provide an itemized statement" and "abusive litigation practice." From this, Byers appeals.

## DISCUSSION

¶9. As a preliminary matter, we note that Turner failed to submit a brief on appeal.

> Typically, a party's failure to submit a brief on appeal is equivalent to a confession of the errors alleged by the opposing party. However, the Court does not have to accept the opposing party's failure to file a brief as an admission that the allegations are true if we can with confidence say, after considering the record and brief of the appellant, that there was no error in the [circuit] court's decision.

*CNRS & Z Inc. v. Medious*, 24 So. 3d 355, 358 (¶8) (Miss. Ct. App. 2009) (internal citations and quotations omitted). After reviewing the record and Byers's brief, we are unable to say with confidence that the circuit court did not err. Therefore, we are constrained to conclude that Turner's failure to file a brief will be taken as a confession of error. *See Miss. Dep't of Emp't Sec. v. Clark*, 13 So. 3d 866, 870 (¶9) (Miss. Ct. App. 2009).

¶10. Byers claims the circuit court erred by awarding Turner $2,500 in damages when no evidence was submitted that a breach of contract occurred. However, the circuit court did not address whether there was a breach of contract. Instead, the circuit court sanctioned Byers for her failure to provide an itemized statement. Therefore, we rephrase the issue as whether the circuit court erred in sanctioning Byers $2,500.

¶11. The Mississippi Supreme Court is vested with exclusive and inherent jurisdiction over matters pertaining to attorney discipline. *See* Miss. R. Discipline 1(a). The administration

of the supreme court's disciplinary jurisdiction has been delegated to disciplinary agencies, and procedures have been established for the initiation of and filing of an action involving attorney misconduct. *See* Miss. R. Discipline 2, 3, and 4. However, the Rules of Discipline are not to be construed as denying any court the power necessary to maintain control over practices and proceedings conducted before it. *See* Miss. R. Discipline 1(b). But "[a] court's power to maintain control over the proceedings before it is not grounded in its punitive jurisdiction, [but] in the necessary and inherent power to regulate its proceedings." *Knott v. State*, 731 So. 2d 573, 576 (¶11) (Miss. 1999) (citing *In re Lewis*, 654 So. 2d 1379, 1383 (Miss. 1995)).

¶12.    Pertinent to this case is Mississippi Rule of Professional Conduct 1.4(a), which specifically states: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." When the circuit court sanctioned Byers, it was not to regulate its proceedings. Rather, the circuit court sanctioned Byers as a punishment for violating a rule of discipline. We find that the circuit court exceeded its authority by sanctioning Byers $2,500. Therefore, we reverse the circuit court's judgment and render a judgment in favor of Byers.

¶13.    **THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR AND WILSON, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. JAMES AND GREENLEE, JJ., NOT PARTICIPATING**.