## Magee *v.* Lincoln County.

[68 South. 76.]

1. Statutes. *Amendment by title. County treasurer. Compensation. Special laws.*
   Chapter 192, Laws 1910, by which section 2192, Code 1906, was amended, "so as to provide that county treasurers in counties having county depositories, shall receive a salary of three hundred dollars per annum, and no other fees or emoluments," does not violate section 61, Constitution 1890, providing that no law shall be revived or amended by reference to its title only, but that the section or sections as amended or revived shall be inserted at full length, since the provision was adopted for the purpose of destroying the practice in which the legislature had theretofore at times indulged, of reviving or amending a statute simply by referring to its title and providing that it should be received or amended in certain particulars, and has no application where the form which the legislature intended the statute to take as amended, is set forth fully in the body of the act.

2. Statute. *Special laws. County treasurers. Compensation.*
   Chapter 192, Laws 1910, amending Code 1906, section 2192, is not in violation of section 91, Constitution 1890, which provides that the legislature shall not enact any law for one or more counties, not applicable to all counties in the state, regulating costs, and charges and fees of officers, since the county depository law, applicable to all counties, is merely amended thereby to substitute, for the fees which the treasurers have heretofore received, and simply makes necessary provisions for the compensation of treasurers in counties where depositories cannot be obtained. That this compensation is in the form of fees instead of salary, is immaterial.

Appeal from the circuit court of Lincoln county.
Hon. D. M. Miller, Judge.

Suit by J. M. Magee against Lincoln County. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Jones & Tyler* and *Whitfield & Whitfield,* for appellant.

*A. A. Cohn,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The question presented to us by this record is the constitutionality of chapter 192, Laws 1910, by which section 2192 of the Code was amended "so as to provide that county treasurers in counties having county depositories shall receive a salary of three hundred dollars per annum, and no other fees or emoluments." Involved in this question is necessarily that of the constitutionality of the county depository law, with reference to which, however, it will be sufficient to say that the constitutionality of that statute was upheld by the case of *Magee* v. *Brister, infra,* this day decided. The objections to the statute here under consideration, not covered by the case just referred to, are that it violates sections 61 and 91 of the Constitution.

Section 61 of the Constitution was adopted for the purpose of destroying the practice in which the legislature had theretofore at times indulged, of reviving or amending a statute simply by referring to its title and providing that it should be revived or be amended in certain particulars; for instance, by directing that particular words be stricken out and others inserted in lieu thereof, without bringing forward the statute as amended. The act here in question does not do this. It refers to the statute amended by title, but sets forth fully in its body the form in which the legislature intended the statute to be as amended.

Section 91 of the Constitution is not violated, because the county depository law is made applicable to all counties, and the act here in question substitutes a salary, uniform in all the counties having a county depository, for the fees which the treasurers had theretofore re-

ceived, and simply makes a necessary provision for compensation to the treasurers in those counties wherein depositories cannot be obtained; the increase in compensation being necessary because more labor and responsibility is entailed upon them than upon treasurers in counties having depositories. That this compensation is in the form of fees, instead of salary, is immaterial.

*Affirmed.*