Sartin *v.* Prentiss County.

(Division A.   Jan. 13, 1930.)

[125 So. 563.   No. 28212.]

Friday & Windham, of Booneville, for appellant.

Wells, Jones, Wells & Lipscomb, of Jackson, for appellant.

Geo. **T. Mitchell,** Attorney-General, and **J. A. Lauderdale,** Assistant Attorney-General, and **C. R. Lacey,** of Booneville, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Appellant, N. J. Sartin, by his declaration against Prentiss county, filed in the circuit court, alleged that he had, as sheriff and tax collector, collected motor vehicle privilege taxes amounting to sixty-eight thousand eight hundred fifty-nine dollars and fifteen cents from January, 1924, to January, 1928, and paid same into the road and bridge fund of said county, less three per cent commission retained by him; that he retained only three per cent commission because of a ruling by the attorney-general of the state that for such services he was only entitled to said sum under and by virtue of section 5, chapter 120, Laws 1914, as amended.

He further alleged that he was lawfully entitled to collect for said services as tax collector five per cent on said collection under and by virtue of section 2196 (b), Code 1906 (section 1950, Hemingway's 1927 Code), and sued for the difference between three per cent and five per cent on his collections, or one thousand three hundred seventy-seven dollars and eighteen cents. He further alleged that section 5, chapter 120, Laws 1914, as amended, was unconstitutional and void.

The appellee, Prentiss county, filed a demurrer to the declaration on two grounds: First, that the declaration did not state a case entitling the plaintiff to any relief; and, second, that chapter 120, Laws 1914, and amendments thereto, were valid and controlling statutes as to the alleged commissions of the tax collector. The demurrer was sustained by the lower court, and plaintiff in the court below was allowed an appeal to settle the principles of the case.

The precise question presented to us for decision is whether or not the tax collector is entitled to retain three per cent commission of the motor vehicle privilege taxes collected or five per cent thereof. If the tax collector is entitled to three per cent only on such collections, then the demurrer was correctly sustained; if to five per cent thereon, then the demurrer should have been overruled.

The appellant's contention for five per cent as the proper commission was based upon the following legislation, to-wit: Section 2196 (b), Code 1906, as amended by chapter 102, Laws 1916, chapter 122, Laws 1920, chapter 160, Laws 1922, chapter 206, Laws 1924—the latter appearing in the following language: "Each tax collector shall be allowed to deduct for his services in making tax collections the following fees and commissions: five per cent on all privilege taxes and poll taxes and commutation road taxes collected."

The appellee's contention was based on section 5, chapter 120, Laws of 1914, as amended by chapter 111, Laws 1920, as amended by chapter 116, Laws 1924, which provides that: "The tax collector shall, at the end of each month, or within ten days thereafter, turn into the 'County Road Fund' all the foregoing taxes collected by him during the month, less commissions allowed by law, to the credit of such fund. He shall be entitled to three per cent on all taxes collected, and to one-half of the penalty of one hundred per cent thereon," etc.

The five per cent statute relied upon by the appellant is the general privilege tax law of the state originating in the Code of 1906, applying to various privileges assessed against different occupations and businesses, the proceeds of which are required to be paid to the state, and in which the county has no interest. The three per cent statute, the one on which appellee relies, known as chapter 120, Laws 1914, is a privilege tax levied upon all automobiles and other motor vehicles for the first time, and the proceeds from such taxes less commissions are directed to be paid into the county treasury. Although general privilege tax laws have been enacted several times since the Code of 1906, the motor vehicle privilege tax law has never been incorporated therein, but, when amended, was preserved separate and intact from the said general privilege tax. The motor privilege tax law is a complete scheme for levying taxes upon motor vehicles—for ascertaining motive power and for calculating taxes—and the evident purpose of it was to tax this special class for the benefit of the public roads and bridges of the various counties of the state, while the general privilege tax law excludes the counties from participating in the proceeds of revenue derived therefrom, and prohibits the board of supervisors from levying such taxes.

We find that chapter 116, Laws 1924, which we shall hereafter call the three per cent statute, was passed by the legislature on the same day as chapter 206, Laws 1924, which we shall hereafter call the five per cent statute, to-wit, April 7, 1924, and that these two chapters were approved by the Governor on the same day, April 12, 1924. We find further, however, that the five per cent statute provides that it shall become and be in full force and effect from and after the date of its passage, while the three per cent statute is to be in full force and effect from and after April 30, 1924.

The appellant contends, first, that the three per cent statute does not amend the five per cent statute; and, second, if it does amend it, that it is void and unconstitutional as violative of section 61 of the Constitution of 1890. In this behalf, he contends that the broad language of the five per cent statute refers to all privilege taxes, and therefore includes the motor vehicle privilege tax, and that chapter 120, Laws 1914, violates section 61 of the Constitution, in that there was no effort to incorporate therein the general privilege tax laws. He contends further that the three per cent. tax is not mentioned in the title of the act, that the law does not favor repeals by implication, and that the frequent enactment of the five per cent statute indicates the legislative intention that the tax collector should be paid five per cent on *all* privilege tax collections, including the collections here involved.

It is a cardinal rule of construction that the legislative intent, when ascertainable from the language of the statute, its history and circumstances, will control the courts in the construction or interpretation thereof. It is a further rule of construction that statutes on the same subject shall be read and interpreted together, and the harmony and effectiveness of both shall be accomplished by the courts wherever possible.

We have here two statutes allowing commissions to tax collectors for the collection of privilege taxes—one of the statutes is general; the other special. The special three per cent. statute is complete, and is susceptible of successful operation by the taxing authorities of the state, does not purport on its face to amend or repeal the five per cent statute, and has been re-enacted several times retaining this fee. The commissions allowed to the tax collector by the statutes are repugnant to each other; the two statutes were passed on the same day and approved on the same day. The five per cent statute went into effect on the date of its passage, April 12,

1924; the three per cent statute, according to its terms, went into effect on April 30, 1924.

We think pro tanto relative to the commissions only, the five per cent statute having been amended or modified to the extent that from and after the date it went into effect it was read into the general privilege tax law, and pro tanto repealed that statute in so far as the commission to be retained by the sheriff for collection of motor vehicle privilege taxes is concerned, and no further.

In the case of Swift & Co. v. Sones, 142 Miss. 660, 107 So. 881, 884, the court said on this subject: "Ordinarily two acts approved on the same day will not be held to be repealed one by the other, but, if they are in hopeless and radical conflict, we think it would be permissible to look to the journals of the legislature to see which act actually was passed last by the legislature, because the legislature is the body that originates and determines the policy of the statute. Looking to the journals it will be found that chapter 138, Laws of 1912, in fact passed the legislature last, although both acts were signed by the Governor on the same day. Furthermore, chapter 138, Laws of 1912, took effect on the 1st day of April, 1912, and, if there is a conflict, of course it prevails from that date."

Of course, as we have before seen, there is this difference in the two cases. Here two acts on the same subject were passed by the legislature on the *same day*, but one went into effect on a later date. We think the above is authoritative for the conclusion that the three per cent act went into effect on a later date than the five per cent act, and therefore the latter was amended or repealed pro tanto, as to commissions, by the three per cent act, and became the law.

We find in the case of Greer v. State, 54 Miss. 378, the court had before it in a criminal case the question of the right of the appellant to a severance, he having been

indicted jointly with other persons, that up to May 13, 1871, the statute made the granting of a severance where two or more persons were jointly indicted a mandatory and absolute right of the appellant, but that on that day this mandatory statute was repealed and was to take effect immediately. On the same day the legislature passed the acts to put in operation the Code of 1871 and adopted it, but provided that the Code should go into effect on October 1, 1871, and in the Code the mandatory provision with reference to a severance in a criminal trial on a joint indictment was enacted as it had been prior to May 13, 1871. In this situation, the court held there being an express repeal, the common law obtained and controlled from May 13th to October 1st, and thereafter the statute as a part of the Code with reference to severances in criminal trials went into effect.

As we see it, resorting to the relative dates on which the conflicting acts here involved went into effect, the statute last going into effect should be enforced.

We are of opinion that there is no merit in the contention that this construction placed upon the three per cent statute renders section five thereof, containing allowances of commissions to tax collectors, unconstitutional. As we have before seen, we have here an amendment or repeal pro tanto by implication to which section 61 of the Constitution has no application. Magee v. Lincoln County, 109 Miss. 181, 68 So. 76; Hart v. Beckstrom, 148 Miss. 13, 113 So. 898; Seay v. Plumbing & Metal Co., 110 Miss. 834, 71 So. 9. Also see Mayor, etc., Town of Water Valley v. State, 103 Miss. 645, 60 So. 576.

Entertaining these views, we think the court correctly sustained the demurrer to the declaration.

Affirmed and remanded.