BOARD OF SUP'RS OF HANCOCK COUNTY *v.* CITY OF BAY ST. LOUIS.

(Division B. May 19, 1930. Suggestion of Error Overruled June 9, 1930.)

[128 So. 331. No. 28665.]

E. J. Gex, of Bay St. Louis, for appellant.

R. L. Genin, of Bay St. Louis, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee, the city of Bay St. Louis, brought this action against appellant, Hancock county, in the circuit court of that county, to recover of the latter one-half of the ad valorem road tax levied and collected by the board of supervisors of the county on property within the limits of the city. There was a trial on agreed facts before the judge of the circuit court, sitting as both judge and jury, resulting in a judgment for the city, from which the county prosecutes this appeal.

The following is deemed a sufficient statement of the facts to develop the question for decision: The city, as authorized by law, works its own streets at public expense. For the fiscal year 1928, the board of supervisors of the county levied an ad valorem road tax of nine mills on all of the property of the county, including that within the corporate limits of the city. One-half of the road tax so levied on the property of the city amounted to twelve thousand seven hundred fifty-five dollars and seven cents; and this is the amount for which the city sued the county, and recovered the judgment appealed from in this case, the county having refused the city's demand for its payment. The county had adopted and issued one million two hundred fifty thousand dollars of bonds under what is known as the Sea Wall Act, chapter 319 of the Laws of 1924, sections 9053 to 9065, Hemingway's Code of 1927, as amended by chapter 18 of the Laws of 1928, and, with the proceeds of such bonds, had built a sea wall, including, as a part thereof, a highway along its coast front. This sea protection wall and highway extends along the entire sea front of the city of Bay St. Louis, and the highway is one of the public streets of the city.

Chapters 232 and 279 of the Laws of 1920, sections 8527-8531 and 8420, Hemingway's Code 1927, and chapter 129, Laws of 1928, provide, among other things, that one-half of all ad valorem road taxes levied and collected by any county on property within any municipality in the county, the streets of which are worked at the expense of the municipal treasury, or worked by municipal authority, shall be by the county paid over to such municipality.

The question is whether or not the Sea Wall Act repealed this requirement of the law. The county concedes that there is no express repeal in the Sea Wall Act, but contends that it has that effect by implication.

Apparently conflicting statutes should be so construed as to reconcile the conflict, if that can be done by reasonable construction, and both be given full force and effect. State v. Jackson, 119 Miss. 727, 81 So. 1; Coker v. Wilkinson, 142 Miss. 1, 106 So. 886; Gilmore Puckett Grocery Co. v. Lindsey Wells Co., 103 Miss. 468, 60 So. 580; Holly Springs v. Marshall, 104 Miss. 752, 61 So. 703; Dugger v. Board of Supervisors, 139 Miss. 552, 104 So. 459. There is no irreconcilable conflict between the two statutes; both can stand together.

Affirmed.