GREAVES *et al. v.* HINDS COUNTY *ex rel.*

(In Banc.  Jan. 30, 1933.)

[145 So. 900.  No. 30253.]

**L. C. Hallam, Leon F. Hendrick,** and **Watkins, Watkins & Eager,** all of Jackson, for appellants.

90

H. B. Gillespie, of Raymond, and **Howie & Howie,** of Jackson, for appellee.

94

Argued orally by **W. H. Watkins, Sr.**, and **Leon Hendrick**, for the appellant, and by **J. H. Howie**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The district attorney of the Seventh judicial district, of which district the county of Hinds is a part, instituted an action, without the approval of the attorney-general, for and on behalf of the said county, to recover jointly and severally of appellants, who were members of the board of supervisors of the county, during the

years 1929, 1930, and 1931, an aggregate sum, approximately seven thousand dollars, which the declaration alleges was improperly drawn by the said members as compensation or salary during the years aforesaid. There is no assertion that there was any corrupt conduct on the part of appellants, but the action proceeds upon the contention that, by a misinterpretation of the statutes on the subject of compensation to members of the board in counties of the class to which the county of Hinds belongs, the members made allowances to themselves beyond that permitted upon a proper interpretation of the statutes.

The record shows that the allowances were made in accordance with a construction placed upon those statutes by the attorney-general; wherefore no question on the merits of the case is involved other than the issue whether the interpretation given to the statutes by the attorney-general and by these appellants is erroneous, and thus the ultimate question on the merits is whether appellants are indebted to the county for the sums involved.

And since the ultimate question on the merits is whether appellants are indebted to the county, a preliminary question, and one determinative of this appeal, lies at the threshold; and that question is whether the district attorney of his own motion and without the approval of the attorney-general may institute an action to recover a debt alleged to be due to the county.

It is the contention of the district attorney that he is so empowered by the first sentence of section 4363, Code 1930, which reads as follows: "It shall be the duty of the district attorney to appear in the circuit courts and prosecute for the state in his district all criminal prosecutions and all civil cases in which the state or any county within his district may be interested." In addition to the express language quoted, the district attorney brings to bear upon that language, and in aid of the powers claimed by him the general and well-recog-

nized rule in regard to civil suits that ordinarily the duty to prosecute, when imposed upon a public officer of that character, implies the power to institute the actions which are to be prosecuted. Appellants reply that the section aforesaid is not the only section of the statutes dealing with the powers of the district attorney in this connection, but that upon the identical question now before us the powers of the officer are controlled by section 4366, Code 1930, which reads as follows: "It shall be the duty of the district attorney, when requested by the county depository or the board of supervisors, or the clerk thereof, to give his opinion in writing upon all cases concerning the revenue or expenses of the county, and with the approval of the attorney-general to institute and prosecute to effect, before the proper court, all persons indebted to the state or any county within his district." The same qualification or prerequisite, to wit, that the district attorney must have the approval of the attorney-general in order to enable him to institute suit, is also contained in the two other sections of the same chapter, sections 4369 and 4370, dealing, as does section 4366, last above quoted, with civil suits.

Since these statutes deal with the same subject, there must be applied the well-established rule that statutes in pari materia, although in apparent conflict, should, so far as reasonably possible, be construed in harmony with each other so as to give force and effect to each. State ex rel. Weems v. U. S. Fid. & Guar. Co., 157 Miss. 740, 128 So. 503; Board of Sup'rs v. City of Bay St. Louis, 157 Miss. 459, 128 So. 331; Sartin v. Prentiss County, 156 Miss. 46, 125 So. 563. If the contention of the district attorney should be upheld that by the first sentence of section 4363 he is given the power without qualification to institute and prosecute all civil cases in which the state or any county in his district is interested, then the qualification or limitation contained in sections 4366, 4369, and 4370, that to institute the suits mentioned in

those sections he must have the approval of the attorney-general, would be stricken from those latter sections, and they would be without substantial force or effect, and in particular the result would be to strike from section 4366 the last three lines of the section, and to adjudge here that, although those three lines provide that the district attorney may with the approval of the attorney-general sue all persons indebted to the state or county, nevertheless those lines will be disregarded, stricken from the statutes, and that only the first sentence of section 4363 will be read in finding what are the powers of the district attorney in respect to the question which is now before us.

We might rest our conclusion upon what has above been said, but we advance the discussion a step farther; and in so doing we may admit, for the sake of the argument, that under the first sentence of section 4363 the district attorney is given the general and comprehensive power, and this in general and comprehensive terms, to institute and prosecute all civil suits in which the state or any county within his district may be interested. At the same time there is the special statute, section 4366, which deals with civil suits against persons indebted to the state or any county within his district, and which section provides that these particular suits dealt with in that special section are to be instituted and prosecuted with the consent of the attorney general. And thus we are confronted with the fundamental rule that, when there is a general statute, that is to say, a statute dealing with a subject in general and comprehensive terms, which, if standing alone, would include the same matter as a special statute, that is to say, a statute dealing particularly and specially with a part of the subject-matter embraced within the general statute, the special statute will ordinarily be regarded as an exception or qualification ingrafted upon the general statute to the

extent that the special statute is in conflict or in apparent conflict with the general statute.

As said, these statutes are in pari materia; they deal with the same subject, and are sections of the same chapter in the Code, all adopted at the same time; they are parts of the same statute, and thus the applicable principle just above stated may be restated in other words by a quotation taken from the opinion in White v. Lowry, 162 Miss. 751, 758, 139 So. 874, 876: "Where a statute contains both a particular and a general enactment, and the general enactment in its most comprehensive sense would include what is embraced in the particular one, the latter must be given effect as to all cases which fall within the particular provision, and the general enactment must be taken to embrace only such cases within its general language as are not within the provisions of the particular enactment."

It follows, and by way of resume, that since the first sentence of section 4363, construed as contended for by the district attorney, is a general and comprehensive enactment dealing with all cases, while section 4366 is a more particular statute dealing with the special and narrower matter of suits for the recovery of debts due the state or county, the general statute is to be taken as not operative upon the cases which are within the provisions of the particular enactment; in other words, suits for the recovery of debts covered by the particular statute, section 4366, are not within the effect of the general statute, but are taken out of it by the special or more particular statute, with the result that the district attorney was without authority to institute this suit, and he could do so only with the approval of the attorney-general.

Something has been said in the arguments that, to give these statutes the construction which we are constrained by the rules of law to place upon them, would work injury to the interests of the state and county, because it

would place it in the power of the attorney-general to withhold a remedy for meritorious demands, and would, in practical effect, give to erroneous opinions by his department upon questions of liability for debt to the state or county the force of law, since he could refuse to allow suit to be instituted which would test the soundness of his opinions on such questions. It is not correct to assume that the consent of the attorney-general is essential to recover a debt such as is claimed here; there is another central agency of the state which is empowered of its own motion to institute such a suit. But, if there were no other authorized agency, this would not justify a forced construction of the statutes by the court to conserve what is supposed to be a protective interest on behalf of the state or county. If in such cases an effective remedy had not been furnished, the omission is one to be cured by the legislative department, and is not to be supplied by judicial construction.

It has been noted by one of the members of the court during our consideration of these statutes that the language of the last three lines of section 4366 discloses an apparent omission. These lines read as follows: "And with the approval of the attorney-general to institute and prosecute to effect, before the proper court, all persons indebted to the state or any county within his district." We find that this omission has occurred in every one of our state Codes beginning with section 3, chapter 40, Poindexter's Rev. Code of 1824; so that for more than one hundred years the error has persisted and has apparently passed unnoticed. In section 4, chapter 22, Toulmin's Digest of 1807, the language is "to institute and prosecute to effect, before the proper courts, *suits against* all persons indebted," etc. It is readily to be perceived that the meaning of the statute as it now stands is the same as if the words "suits against" had been inserted, as existed in the Toulmin Territorial Code.

Reversed and dismissed.

**Anderson, J.**, delivered a dissenting opinion.

It is true, as stated in the majority opinion, that the attorney-general approved these allowances, but it is also true that they were first made by the board and the approval of the attorney-general obtained afterwards. In other words, the board got into trouble on account of these allowances, and, when the trouble came, they secured the approval of the attorney-general. It will probably be well to state in this connection that in his opinion approving the allowances the attorney-general said there was some ambiguity and uncertainness in the statutes. There is nothing in the record to show that the district attorney applied for and was refused the approval of the attorney-general to bring this suit.

Section 4363, Code of 1930, is in broad and general terms. It makes it the duty of the district attorney to prosecute "all civil cases in which the state or any county within his district may be interested." The authority to prosecute carries with it the authority to institute. Inhabitants of Great Barrington v. Gibbons, 199 Mass. 527, 85 N. E. 737; State ex rel. v. Dawson, 86 Kan. 180, 119 Pac. 360, 39 L. R. A. (N. S.) 993; Ex parte Kelly, 45 Okla. 577, 146 Pac. 444. It is useless to cite further authorities to sustain that principle; there appears to be *none whatever* to the contrary. The Legislature did not intend to give some other officer authority to institute suit and the district attorney the power to take the case away from him and prosecute it. If this section of the statute stood alone, there would be no limit upon the district attorneys' authority to institute and prosecute civil cases in which the state or the counties within their districts are interested. Without any further authority, he would have the power to institute and prosecute the actions provided for in sections 4366, 4369, and 4370. These three sections simply excerpt the broad powers given the district attorneys in section 4363. They

take out of the latter section the class of cases enumerated in them, as to which they provide that the district attorney, before suing, must have the approval of the attorney-general. To illustrate: Take section 4370, which provides that the consent of the attorney-general in writing shall be a condition precedent to the right of the district attorneys to institute and prosecute civil actions for violation of our anti-trust statutes. Can there be any doubt that before the adoption of this section, which was by the Legislature of 1922 (chapter 274, Laws of 1922) the district attorneys, under section 4363, had the right to bring anti-trust suits without the approval of the attorney-general? It seems that to ask that question is to answer it in the negative. To hold otherwise would violate a rule of statutory construction of long standing. What is said about section 4370 is also true of section 4369. Putting it differently, sections 4366, 4369, and 4370 simply lift out of section 4363 a certain class of cases and provide that they cannot be brought by the district attorneys without the approval of the attorney-general.

There is no contention that this suit by the district attorney comes within the provision of either section 4369 or 4370. It is argued that it comes within the terms of 4366. It must be borne in mind that the district attorneys have all the powers conferred by section 4363 which are not expressly taken away by the other three sections referred to. What is the class of cases provided for in 4366? That section provides that a district attorney shall not bring any action concerning the revenues or expenses of a county without the approval of the attorney-general, where the suit is the result of an investigation and an opinion in writing by the district attorney in pursuance of a request therefor by the county depository, or the board of supervisors, or the clerk of the board. The case at bar is not one provided for in that section. There is nothing in the record to show that

either the board of supervisors or the county depository or the clerk of the board of supervisors called on the district attorney to investigate and give an opinion in writing as to whether the members of the board were liable. The last clause in that section, authorizing the district attorneys to prosecute to effect before the proper court all persons indebted to the state or any counties within their districts, must be construed in connection with the first clause of the statute. Construing these two parts of the statute together, or the statute as a whole, they simply mean that the district attorneys, under the authority of section 4363, have the right to bring suits to recover all revenues due their counties, except in cases where they have been called upon to investigate and give opinions in writing as to whether such revenues are recoverable, in which cases before bringing such suits they must have the approval of the attorney-general. It is not apparent why this limitation was put on the general powers of the district attorneys conferred by section 4363, but the question of the wisdom of it is not for the courts, but for the Legislature. Why did not the Legislature provide in section 4363 that the broad powers therein given the district attorneys should be subject to the approval of the attorney-general? There must have been a reason for not doing so. The only reason I am able to see is that the Legislature intended that those broad powers should remain in the district attorneys, unhampered, except as expressly limited in the other three sections referred to.