# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-01777-SCT

*GARY HEMBA*

*v.*

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/10/2007 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID L. CALDER |
| ATTORNEY FOR APPELLEE: | HAROLD EDWARD PIZZETTA, III |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 01/08/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This is an appeal of a trial court's dismissal of an action against the Mississippi

Department of Corrections for wrongful termination.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     Gary Hemba was formally notified by the Mississippi Department of Corrections

("MDOC") that, after seventeen years of employment, he was being terminated.[1] The notice

---

[1]In April 2000, four years prior to Hemba's firing, MDOC began an investigation which resulted in formal misconduct charges and employment sanctions against Hemba. *See* **Hemba v. Miss. Dep't of Corrections**, 848 So. 2d 909 (Miss. Ct. App. 2003). An administrative review hearing was conducted under the Statewide Personnel Act, Mississippi Code Annotated Section 25-9-101 (Rev. 2006), et seq., which governs the rights and remedies of state employees. The hearing officer found MDOC's actions to be "arbitrary and capricious." MDOC appealed the State Personnel Board's decision to the Mississippi Employee Appeals Board, which affirmed the hearing

further provided that Hemba's position as "Branch Director II, PIN #1538" would be eliminated.

¶3.    Hemba notified MDOC Commissioner Christopher Epps that he was asserting a claim against MDOC under the Mississippi Tort Claims Act for wrongful termination. After MDOC's third-party administrator notified Hemba that his administrative claim had been denied, Hemba filed a complaint in the Hinds County Chancery Court. MDOC filed a Motion to Dismiss, under Mississippi Rule of Civil Procedure to 12(b)(6), which the trial court granted. Hemba timely appealed, raising claims that: (1) Section 13 of HB 1279 was unconstitutional; (2) Section 13 did not exempt MDOC from complying with Section 25-9-127(1); (3) HB 1279 was illegal because it had a disparate impact on minorities, because it targeted only select MDOC offices; (4) MDOC terminated Hemba in retaliation; (5) MDOC failed to consult with the Attorney General as mandated by sub-part (2) of Section 13, HB 1279; and (6) Hemba should be allowed to conduct discovery to prove that MDOC did not terminate positions as mandated by sub-part (1) of Section 13, HB 1279.

## ANALYSIS

¶4.    We review de novo a chancellor's grant of a Rule 12(b)(6) motion to dismiss. ***Cook v. Brown***, 909 So. 2d 1075, 1077-78 (Miss. 2005), Miss. R. Civ. P. 12(b)(6). In considering the constitutionality of a legislative enactment, this Court recognizes that duly enacted statutes and laws have a strong presumption of constitutionality, and that the party challenging the constitutionality of a law must prove beyond a reasonable doubt that the law

---

officer's decision. MDOC then appealed to the Hinds County Circuit Court which reversed the decision of the Appeals Board. Finally, the Mississippi Court of Appeals reversed and rendered the circuit court's decision and reinstated the hearing officer's decision in favor of Hemba.

is in "palpable conflict with some plain provision of the constitution." ***Oxford Asset Partners, LLC v. City of Oxford***, 970 So. 2d 116, 120 (Miss. 2007) (citing ***In Interest of T.L.C.***, 566 So. 2d 691, 696 (Miss. 1990)). This Court will invalidate a statute on constitutional grounds only "where it appears beyond all reasonable doubt that such statute violates the constitution. ***Id***. (*citing **Richmond v. City of Corinth***, 816 So. 2d 373, 375 (Miss. 2002)).

(1) Constitutionality of Section 13 of House Bill 1279 (2004)

¶5.     When Mississippi faced a serious budget shortfall in 2004, Governor Haley Barbour proposed "Operation Streamline," which suggested reorganization of state agencies as one of the ways to cut expenses. House Bill 1279 (HB 1279) was signed into law on May 27, 2004, and published as Chapter 595 in the 2004 Session Laws of Mississippi. The pertinent part of HB 1279 is as follows:

> (1) For the period beginning upon the effective date of this section and through June 30, 2005, the personnel actions of the Mississippi Department of the Corrections regarding employees at the central offices of the department, the State Penitentiary at Parchman and the Central Correctional Facility in Rankin County shall be exempt from State Personnel Board procedures. However, all new employees of the Department of Corrections at those locations shall meet the criteria of the State Personnel Board that presently exists for employment. Whenever an employee at any of those locations is dismissed or involuntarily terminated under the authority of this section during that period of time, that employee's position shall be terminated.
>
> (2) The Department of Corrections shall consult with the Office of the Attorney General before taking personnel actions permitted by this section to review those actions for compliance with applicable state and federal law.

Act of May 27, 2004, ch. 595 § 13, 2004 Miss. Laws.

Pursuant to this new law, MDOC terminated more than 160 employees, including Hemba.

¶6.     Although statutes may be amended in several ways, Section 61 of the Mississippi

Constitution prohibits amendment by reference to title only, and requires amended statutes

to be reenacted and published in full, as amended.[2]   The purpose of Section 61 is to prevent

ambiguity and uncertainty with reference to the amendment of previous acts.  ***Jackson v.***

***Deposit Guar. Bank & Trust Co.***, 160 Miss. 752, 764-765, 133 So. 195 (1931).  Because

Section 13 directly amended Section 25-9-127(1)[3] without any reference to it, and because

the purported statutory modifications were not "inserted at length" into the statute, Hemba

argues that Section 13 runs afoul of Section 61 of the Mississippi Constitution.  Conversely,

---

[2]"No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."  Miss. Const. art. 4 § 61.

[3]"(1) No employee of any department, agency or institution who is included under this chapter or hereafter included under its authority, and who is subject to the rules and regulations prescribed by the state personnel system may be dismissed or otherwise adversely affected as to compensation or employment status except for inefficiency or other good cause, and after written notice and hearing within the department, agency or institution as shall be specified in the rules and regulations of the State Personnel Board complying with due process of law; and any employee who has by written notice of dismissal or action adversely affecting his compensation or employment status shall, on hearing and on any appeal of any decision made in such action, be required to furnish evidence that the reasons stated in the notice of dismissal or action adversely affecting his compensation or employment status are not true or are not sufficient grounds for the action taken; provided, however, that this provision shall not apply (a) to persons separated from any department, agency or institution due to curtailment of funds or reduction in staff when such separation is in accordance with rules and regulations of the state personnel system; (b) during the probationary period of state service of twelve (12) months; and (c) to an executive officer of any state agency who serves at the will and pleasure of the Governor, board, commission or other appointing authority." Miss. Code Ann. § 25-9-127(1) (Rev. 2006).

4

MDOC argues that Section 13 is not a direct amendment[4] but an amendment by implication,[5] which is allowed under Section 61. See *City of Belmont v. Miss. State Tax Comm'n*, 860 So. 2d 289, 306 (Miss. 2003) (citing *Lamar County Sch. Bd. v. Saul*, 359 So. 2d 350, 353 (Miss. 1978)).

¶7.     Furthermore, where an act is passed as original and independent legislation and is complete in itself so far as it applies to the subject matter properly embraced within its title, and requires no reference to any other statute to render it intelligible and to determine its meaning and scope, it does not fall within the spirit or meaning of Section 61. *Hart*, 113 So. at 901. *See* *Heidelberg v. Batson*, 119 Miss. 510, 526, 81 So. 225 (1919); *Magee v. Lincoln County*, 109 Miss. 181, 182, 68 So. 76 (1915). Therefore, Section 61 does not apply to an amendment by implication "when the amending statute is complete within itself." *Belmont*, at 305-306.

¶8.     Section 13 contains no reference to any specific Mississippi statute that was altered or amended by the legislation. Moreover, the language of Section 13 does not purport to insert any words or expressly change any of the terms in Section 25-9-127(1) and, therefore, is not a direct amendment. Instead, it exempts the personnel decisions of a specific agency, MDOC, from State Personnel Board procedures regarding terminations for a period of one year.

---

[4]A direct amendment is when legislation seeks to expressly amend the terms of a statute by "insert[ing] certain words, or to substitute one phrase for another in an act or section." *Hart v. Backstrom*, 148 Miss. 13, 113 So. 898, 901 (1927).

[5]An amendment by implication occurs when the legislation does not "in express terms undertake to amend" a statute's specific terms but the amendment "still had an effect of amending the latter." *Hart*, 113 So. at 901.

¶9.     While Section 13 does have an indirect effect on Section 25-9-127(1) by suspending it for a specified period of time, it requires no reference to § 25-9-127(1) for an understanding of its meaning and scope.  Thus, it qualifies as an amendment by implication, which is complete in itself and is not violative of Section 61 of the Mississippi Constitution.

¶10.    For these reasons, we do not find persuasive Hemba's argument that Section 13 of HB 1279 is unconstitutional.

(2) Applicability of Miss. Code Ann. § 25-9-127(1)

¶11.    Because Section 13 does not explicitly reference Mississippi Code Annotated Section 25-9-127(1), Hemba contends Section 13 exempts MDOC from compliance with procedural formalities when terminating employees but does not exempt MDOC from complying with Section 25-9-127(1).  Section 25-9-127(1) prohibits any agency from terminating protected workers "except for inefficiency or other good cause," and only after a written notice and a hearing.  *See* Miss. Code Ann. § 25-9-127(1) (Rev. 2006).

¶12.    *McMurtray v. Holladay*, 11 F. 3d 499 (5th Cir. 1993) is helpful in resolution of this issue.  In *McMurtray*, the Mississippi Legislature enacted a bill which was in conflict with Section 25-9-127(1).[6]    The United States Court of Appeals for the Fifth Circuit found that the legislative language in question exempted the agency from complying with the "for cause" and hearing provisions of Section 25-9-127(1).

> Under Mississippi law, the State Personnel Board, which is created under
> MISS. CODE ANN. § 25-9-109, is charged with "adopt[ing] and amending

_____

[6]"For a period of one (1) year after the effective date of this act the personnel actions of the department shall be exempt from State Personnel Board Procedures in order to give the department flexibility in making an orderly, effective and timely transition to the mandated reorganization." *McMurtray*, 11 F. 3d at 501.

6

policies, rules and regulations establishing and maintaining the State Personnel System." MISS. CODE ANN. § 25-9-115(c). In effect, the State Personnel Board represents the state personnel system, meaning any of the system's rules, regulations, or procedures are also the Board's. The state personnel system requires that, for a state service employee to be terminated, the department (or other entity) must have good cause and also provide the employee with written notice and a hearing. MISS. CODE ANN. § 25-9-127. Therefore, if a department (or other entity) is exempt from the state personnel system's rules and regulations, then that department is free to terminate its employees at will, without notice or a hearing.

*McMurtray*, 11 F. 3d. at 503.

¶13.   In applying *McMurtray* to the facts of this case, we hold that, even though the legislative amendment extinguished Hemba's property rights as to his job, he was not denied due process.

> The Supreme Court long ago established that, when a legislature extinguishes a property interest via legislation that affects a general class of people, the legislative process provides all the process that is due. *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445-46, 36 S. Ct. 141, 142-43, 60 L. Ed. 372 (1915); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433, 102 S. Ct. 1148, 1156, 71 L. Ed. 2d 265 (1982); *see also Jackson Court Condominiums v. City of New Orleans*, 874 F.2d 1070, 1074 (5th Cir. 1989); *Gattis*, 806 F.2d at 781.
>
> The appellants claim that the Act affected a specific, and not a general, class of people: the 29 individuals who lost their jobs at the DED through reorganization. We disagree. While those 29 individuals (including the three appellants) may have lost their jobs, the Act was intended to affect every employee at the DED, which qualifies as a general class of people. See *O'Bannon v. Town Court Nursing Ctr.*, 447 U.S. 773, 799-801, 100 S. Ct. 2467, 2483, 65 L. Ed. 2d 506 (1980) (Blackmun, J., concurring) ("when governmental action affects more than a few individuals, concerns beyond economy, efficiency and expedition tip the balance against finding that due process attaches").

*McMurtray*, 11 F. 3d. at 504.

¶14. Here, the MDOC terminated more than 160 employees. Section 13 affected a general class of people due to a mandated reorganization of the department. Therefore, Hemba is entitled to due process only as provided under Section 13.

(3) Other claims

¶15. Hemba asserts several other claims that were not presented in his complaint before the trial court. He claims that: (1) HB 1279 was illegal because it had a disparate impact on minorities by targeting only select MDOC offices; (2) MDOC terminated Hemba in retaliation for "his contentious relationship with some of the administrative officials" due to some prior litigation; (3) MDOC failed to consult with the Attorney General as mandated by sub-part (2) of Section 13, HB 1279 and; (4) Hemba should be allowed to conduct discovery to prove that MDOC did not follow the employee's terminations by extinguishing those positions permanently as provided under Section 13.

¶16. Because these claims were presented only on direct appeal, we have no evidence or rulings before us to evaluate. An appellant is not entitled to raise a new issue on appeal, since to do so prevents the trial court from having an opportunity to address the alleged error. *Crowe v. Smith*, 603 So. 2d 301, 305 (Miss. 1992).

## CONCLUSION

¶17. We affirm the chancellor's determination that Hemba failed to prove that Section 13 is unconstitutional and that Section 25-9-127(1) is inapplicable to the case *sub judice*.

¶18. **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR AND KITCHENS, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY. CHANDLER AND PIERCE, JJ., NOT PARTICIPATING.**

8