KITCHENS, PRESIDING JUSTICE, DISSENTING:
 

 ¶ 8. I respectfully dissent because I would answer the questions certified by the United States Court of Appeals for the Fifth Circuit in the following manner: 1) yes, the Mississippi Tort Claims Act (MTCA), Mississippi Code Section 11-46-1,
 
 et seq.
 
 , provides the exclusive remedy for a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital; 2) no, the MTCA does not permit the trustee to pursue claims of breach of fiduciary duty or gross negligence against the former directors and officers of NRMC in their personal capacities.
 

 1. Whether the MTCA provides the exclusive remedy for a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital.
 

 ¶ 9. The MTCA provides the following: "[t]he remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee ... for the act or omission which gave rise to the claim or suit ...."
 
 Miss. Code Ann. § 11-46-7
 
 (1) (Rev. 2012). Mississippi Code Section 11-46-7(2) provides:
 

 [N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.
 

 Miss. Code Ann. § 11-46-7
 
 (2) (Rev. 2012).
 

 ¶ 10. Lefoldt first submits that the plain language of the MTCA forecloses its applying in an action by a public entity against its employee. He refers to Mississippi Code Section 11-46-3(1), which states that:
 

 The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the "state" and its "political subdivisions," ... are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission ... including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act, omission or breach by any employee of the state or its political subdivisions ....
 

 Miss. Code Ann. § 11-46-3
 
 (1) (Rev. 2012). Lefoldt takes the position that "[n]othing in Section 11-46-3(1) supports ... that the Mississippi Legislature intended to recognize sovereign immunity for employees for all claims against them, including claims brought by the sovereign."
 

 ¶ 11. Lefoldt argues that "[t]he express references to 'person' in the MTCA's definitions for 'claim,'
 
 [2]
 
 'claimant,'
 
 [3]
 
 and 'injury'
 
 [4]
 
 evince[ ] the Mississippi Legislature's clear intent that the MTCA apply only in actions by a person-not in actions by a public entity." Such argument is supported, according to Lefoldt, by the legislature's omission of the word "person" from the definitions of "[g]overnmental entity," which "includes the state and political subdivisions;" "[p]olitical subdivision," which includes a "community hospital;" and "[s]tate," which includes "the State of Mississippi and any office, department, agency, division, bureau, commission, board, institution, hospital, college, university, airport authority or other instrumentality thereof ...." (quoting
 
 Miss. Code Ann. §§ 11-46-1
 
 (g), (i), (j) (Rev. 2012)). The majority adopts Lefoldt's reading of the statute: "[t]he purpose of the MTCA is to protect public entities from being sued for the acts of their servants. It is perfectly clear that the Act does not refer to claims 'by' the sovereign." Maj. Op. ¶ 4.
 

 ¶ 12. Lefoldt continues that various aspects of the MTCA would be rendered nonsensical were it to apply. He references Section 11-46-11(1), which states that "any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety
 (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity."
 
 Miss. Code Ann. § 11-46-11
 
 (1) (Rev. 2012). He argues that requiring the trustee to provide notice of the claim against himself and then requiring the trustee to wait ninety days before filing suit against himself would be nonsensical. Lefoldt also argues that the one-year statute of limitations of Section 11-46-11(3)(a) would not apply because Article 4, Section 104, of the Mississippi Constitution and Mississippi Code Section 15-1-51 (Rev. 2012) prohibit the running of statutes of limitation in civil cases against the State.
 
 [5]
 
 The majority agrees: "[a] statute of limitations, which extinguishes a claim, is totally inconsistent with the Constitutional provision prohibiting the extinguishment of any civil claim by the State." Maj. Op. ¶ 5.
 

 ¶ 13. But Mississippi Code Section 41-13-11(5) provides that:
 

 ...
 
 any
 
 community hospital, owner, or board of trustees shall be subject to and shall be governed by the provisions of Section 11-46-1
 
 et seq.
 
 , Mississippi Code of 1972, for
 
 any
 
 cause of action which accrues from and after October 1, 1993, on account of
 
 any
 
 wrongful or tortious act or omission of
 
 any
 
 such governmental entity, as defined in Section 11-46-1, Mississippi Code of 1972, or its employees relating to or in connection with
 
 any
 
 activity or operation of
 
 any
 
 community hospital.
 

 Miss. Code Ann. § 41-13-11
 
 (5) (Rev. 2013) (emphasis added). In a case in which the State had brought a civil action against generic pharmaceutical provider, Sandoz, Inc., and prevailed, this Court rejected the State's argument that the statutory punitive-damages cap did not apply to it "due to its sovereignty."
 
 Sandoz, Inc. v. State
 
 ,
 
 190 So.3d 829
 
 , 833, 843 (Miss. 2015). The applicable statute, Mississippi Code Section 11-1-65(3)(a), in pertinent part, limited punitive damages "[i]n
 
 any civil action
 
 where an entitlement to punitive damages shall have been established under applicable laws ...."
 

 Id.
 

 at 844
 
 (emphasis in original). This Court held that the statute's application to "any civil action" was unambiguous: " '[T]he word "any" has an expansive meaning, that is, "one or some indiscriminately of whatever kind." ' "
 

 Id.
 

 (quoting
 
 United States v. Gonzales
 
 ,
 
 520 U.S. 1
 
 , 5,
 
 117 S.Ct. 1032
 
 ,
 
 137 L.Ed.2d 132
 
 (1997) ). The same is true here. Section 41-13-11(5) provides that
 
 any
 
 cause of action for
 
 any
 
 wrongful or tortious act or omission of
 
 any
 
 community hospital or its employees relating to or in connection with
 
 any
 
 activity or operation of
 
 any
 
 community hospital is subject to the MTCA, irrespective of the identity of the claimant. The MTCA applies to Lefoldt's claim because Section 41-13-11(5) says it does.
 

 ¶ 14. Moreover, " '[s]tatutes
 
 in pari materia
 
 , although apparently conflicting should, if possible, be construed in harmony with each other to give effect to each.' "
 
 Roberts v. Miss. Republican Party State Exec. Comm.
 
 ,
 
 465 So.2d 1050
 
 , 1052 (Miss. 1985) (quoting
 
 Lamar County Sch. Bd. v. Saul
 
 ,
 
 359 So.2d 350
 
 , 353 (Miss. 1978) (citing
 
 Greaves v. Hinds Cty.
 
 ,
 
 166 Miss. 89
 
 ,
 
 145 So. 900
 
 (1933) )). To the extent the majority's interpretation of the MTCA does not harmonize with Section 41-13-11(5), "[t]he rule is well established that where a special and particular statute deals with a special and particular subject its particular terms as to that special subject control over general statutes dealing with the subject generally."
 

 Lenoir v. Madison Cty.
 
 ,
 
 641 So.2d 1124
 
 , 1129 (Miss. 1994) (quoting
 
 Townsend v. Estate of Gilbert,
 

 616 So.2d 333
 
 , 335 (Miss. 1993) ). The majority references the language of the MTCA in support of its dismissal of the argument that it provides the exclusive remedy to a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital. But to the extent that terms of the general MTCA and those of Section 41-13-11(5), which specially and particularly applies the MTCA to any cause of action against any community hospital or its employees, conflict, Section 41-13-11(5) controls.
 

 ¶ 15. It is true, as Lefoldt argues, that the California Court of Appeals for the Second District, Division 3, held that the California Tort Claims Act would be turned "on its head" by the suggestion "that the City is required to file a claim
 
 with itself
 
 before bringing suit against its employees," and that, "[a]s the action here was brought on behalf of the City, compliance with the Tort Claims Act was not required."
 
 People ex rel. Harris v. Rizzo
 
 ,
 
 214 Cal.App.4th 921
 
 , 939,
 
 154 Cal.Rptr.3d 443
 
 (2013) (emphasis in original).
 

 ¶ 16. But in California, "a public employee is liable for injury caused by his act or omission to the same extent as a private person."
 
 Cal. Gov't Code § 820
 
 (a). In
 
 Rizzo
 
 , the California attorney general sued various city officials, including the chief administrator, the deputy chief administrator, the police chief, and members of the city council, after it became known that those officials "were receiving salaries well in excess of the amounts paid similar individuals in similarly-sized cities, and that these ... individuals went to great lengths to conceal their salaries from public knowledge."
 
 Rizzo
 
 ,
 
 214 Cal.App.4th at 928
 
 ,
 
 154 Cal.Rptr.3d 443
 
 . The defendants argued, in part, that the attorney general was required to comply with the requirements of the California Tort Claims Act, including the requirement that "all claims for money or damages against local entities shall first be presented to the governmental entity."
 
 Id.
 
 at 938-39,
 
 154 Cal.Rptr.3d 443
 
 (citing
 
 Cal. Gov't Code § 905
 
 ).
 

 ¶ 17. It was in the context of the argument that the act had not been complied with that the court found that requiring compliance with the tort claims act would "turn [it] on its head" in a case in which the city was "bringing suit against its employees for acting
 
 outside
 
 the scope of their employment."
 
 Rizzo
 
 ,
 
 214 Cal.App.4th at 939
 
 ,
 
 154 Cal.Rptr.3d 443
 
 (emphasis in original). The court held that "compliance with the Tort Claims Act was not required" because "the plaintiff is the employing public entity itself" and "the Attorney General brought the instant action
 
 on behalf of the City
 
 ."
 
 Id.
 
 at 939,
 
 154 Cal.Rptr.3d 443
 
 (emphasis in original). The California court's analysis answers Lefoldt's concern that the other provisions of the Mississippi Tort Claims Act would be rendered "nonsensical."
 

 ¶ 18. Moreover, in
 
 Rizzo
 
 , the California attorney general alleged that the officials had been "looting the city's coffers for their own benefit" and that the city's employees were acting outside the scope of their employment.
 

 Id.
 

 The court held that, while no liability existed where a decision was made in the discretion of the public official, if the decision "was made
 
 outside
 
 the authority of the officials-either as an ordinance outside the city council's authority under the charter, or a contract made by someone without the authority to bind the city to it ... the city officials who purported to authorize the unauthorized expenditure may ... be liable in restitution ...."
 
 Id.
 
 at 943,
 
 154 Cal.Rptr.3d 443
 
 (emphasis in original). The court held that immunity did not apply to "prevent the
 action from proceeding with respect to defendants' allegedly ultra vires acts."
 
 Id.
 
 at 929,
 
 154 Cal.Rptr.3d 443
 
 . Here, Lefoldt has not alleged that the directors and officers were acting outside the course and scope of their duties, nor does he allege that the directors and officers engaged in
 
 ultra vires
 
 acts. On the contrary, Lefoldt "does not dispute that the relevant acts or omissions occurred within the course and scope of the [directors' and officers'] employment."
 
 Lefoldt
 
 , at 752. Lefoldt instead "insists that the [directors and officers] were grossly negligent in the execution of, or failed to perform, their duties."
 

 Id.
 

 ¶ 19. Lefoldt cites
 
 Natchez Regional Medical Center v. Quorum Health Resources
 
 ,
 
 2010 WL 3324955
 
 (S.D. Miss. Aug. 20, 2010), in further support of his argument that the plain language of the MTCA impels a conclusion that it does not shield employees of a public entity from an action against them by the public entity. In
 
 Quorum
 
 , the question before the United States District Court for the Southern District of Mississippi was whether the protections of the MTCA applied to bar the NRMC's claims against Quorum, a third-party private corporation and its employees, which had been engaged "to provide hospital management services" for NRMC.
 
 Quorum
 
 ,
 
 2010 WL 3324955
 
 , **3, 1.
 

 ¶ 20. The court analogized the case to another in which a patron of the public bus system in Jackson, Mississippi, JATRAN, sued the management company with which JATRAN had contracted to run its day-to-day operations.
 

 Id.
 

 at *4 (citing
 
 Thompson v. McDonald Transit Assocs., Inc.
 
 ,
 
 440 F.Supp.2d 530
 
 (S.D. Miss. 2006) ). The court in
 
 Thompson
 
 held that the management company was not entitled to the protections of the MTCA because the " 'operation and ownership of JATRAN is likely not McDonald's lone purpose for existence.' "
 

 Id.
 

 (quoting
 

 id.
 

 at 533 ). The " 'capitalistic nature' of McDonald's business was the 'overriding consideration' for finding that it was not entitled to the protections of the MTCA."
 

 Id.
 

 (quoting
 

 id.
 

 ).
 

 ¶ 21. The court held that Quorum, like McDonald in
 
 Thompson
 
 , was not entitled to the protections of the MTCA.
 
 Quorum
 
 ,
 
 2010 WL 3324955
 
 , *4. The court distinguished a case in which a plaintiff sued Quorum and the Neshoba County Nursing Home (NCNH) for wrongful death and the Mississippi Court of Appeals held that Quorum, as "an 'instrumentality' of a community hospital ... '[was] entitled to the protections, limitations[,] and immunities of the MTCA.' "
 

 Id.
 

 (quoting
 
 Sykes v. Quorum Health Res., Inc.
 
 ,
 
 45 So.3d 667
 
 (Miss. Ct. App. 2009),
 
 rev'd on other grounds
 
 ,
 
 45 So.3d 641
 
 (Miss. 2010) ). The district court in
 
 Quorum
 
 held that "the findings of the
 
 Sykes
 
 court that [Quorum] was an instrumentality of the state is not applicable to the instant case because, here, [Quorum] is being sued by a community hospital and not by a private individual."
 
 Quorum
 
 ,
 
 2010 WL 3324955
 
 , *4.
 

 ¶ 22. Lefoldt argues that the district court "held the MTCA did not prevent NRMC from suing its own employees." But
 
 Quorum
 
 involved NRMC's suit against a third-party private corporation and its employees, with which NRMC had contracted to provide management services for the hospital. It did not, as here, involve the hospital's bankruptcy trustee's suit against former hospital employees.
 

 ¶ 23. Lefoldt advocates that "[t]he FTCA's legislative history indicates that that statute only applies to claims by a private individual against a public entity." But this Court has determined that "the Mississippi Tort Claims Act contains a requirement not present in the Federal Tort Claims Act: that the immunity attaches to a 'governmental entity and its employees
 
 acting within the course and scope of their employment or duties
 
 ...."
 

 Brantley v. City of Horn Lake
 
 ,
 
 152 So.3d 1106
 
 , 1112 (Miss. 2014) (quoting
 
 Miss. Code Ann. § 11-46-9
 
 (1)(d) (Rev. 2012)) (emphasis in
 
 Brantley
 
 ).
 

 ¶ 24. According to Lefoldt, the limitation on a Mississippi governmental entity's entitlement to contribution or indemnification or reimbursement for legal fees and expenses from its employee unless "a court shall find that the act or omission of the employee was outside the course and scope of his employment," makes no sense in this context, because, were NRMC to prevail, NRMC would have to pay the judgment itself.
 
 Miss. Code Ann. § 11-46-7
 
 (5) (Rev. 2012). But Section 11-46-7(5) states that "[a] governmental entity
 
 shall not
 
 be entitled to contribution or indemnification, or reimbursement for legal fees and expenses from its employee
 
 unless
 
 a court shall find that the act or omission of the employee was
 
 outside the course and scope of his employment
 
 ."
 
 Miss. Code Ann. § 11-46-7
 
 (5) (emphasis added). Here, Lefoldt has conceded that the directors and officers at all times acted
 
 within
 
 the course and scope of their employment.
 

 ¶ 25. Because the legislature unequivocally provided in Section 41-13-11(5) that community hospitals and their employees are subject to and governed by the MTCA, Section 11-46-1,
 
 et seq.
 
 , I would answer the Fifth Circuit's inquiry in the affirmative. The MTCA provides the exclusive remedy for a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital.
 

 2. Whether, if the MTCA does provide the exclusive remedy, the bankruptcy trustee can maintain his claims against the directors and officers in their personal capacities.
 

 ¶ 26. Under the MTCA, an employee can be held personally liable only if his or her act was outside "the course and scope of [his or her] duties."
 
 Miss. Code Ann. § 11-46-7
 
 (2) ("[N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."). And a governmental entity is not liable and "an employee shall not be considered as acting within the course and scope of his employment ... if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense."
 

 Id.
 

 ¶ 27. Lefoldt claims that NRMC's former directors and officers breached fiduciary duties they owed to NRMC. This Court has held that "[a] claim of breach of fiduciary duty is 'appropriately recognized as an action in tort ....' "
 
 Union Nat'l Life Ins. Co. v. Crosby
 
 ,
 
 870 So.2d 1175
 
 , 1180 (Miss. 2004) (quoting
 
 Tyson v. Moore
 
 ,
 
 613 So.2d 817
 
 , 823 (Miss. 1992) ). But, according to Section 11-46-7(2), unless the breach of fiduciary duty claim alleged "fraud, malice, libel, slander, defamation or any criminal offense," MTCA immunity shields employees from personal liability. Lefoldt does not allege that NRMC's former directors and officers committed fraud, malice, slander, defamation, or any criminal offense, and he concedes in this Court, as he conceded in the district court and in the Fifth Circuit, that NRMC's former directors and officers acted within the course and scope of their duties.
 

 ¶ 28. In addition to an allegation of breach of fiduciary duty, Lefoldt alleged gross negligence. This Court decided a case in which a teacher administered corporal punishment to a student and the student's mother sued but alleged only gross negligence in her complaint.
 
 Duncan v. Chamblee
 
 ,
 
 757 So.2d 946
 
 , 947, 949 (Miss. 1999). This Court observed that while "assault and battery are intentional torts for
 which no defendant can claim immunity," the mother's claim failed because, by the mother's "own allegations, [the teacher] was acting within the course and scope of her employment with the School when the alleged torts occurred."
 

 Id.
 

 at 949-50
 
 . According to the Court, the mother's complaint had failed to state a claim because it did "not allege that [the teacher's] conduct constituted 'fraud, malice, libel, slander, defamation, or any other criminal offense' within the meaning of § 11-46-7(2)."
 

 Id.
 

 at 950
 
 .
 

 ¶ 29. Lefoldt's complaint does not contain allegations of "fraud, malice, libel, slander, defamation or any criminal offense." Under the MTCA, therefore, the former directors and officers of NRMC are shielded from personal liability for conduct which occurred within the course and scope of their duties.
 

 "Claim" is defined as "any demand to recover damages from a governmental entity as compensation for injuries."
 
 Miss. Code Ann. § 11-46-1
 
 (a) (Rev. 2012).
 

 "Claimant" is defined as "any person seeking compensation under the provisions of this chapter ...."
 
 Miss. Code Ann. § 11-46-1
 
 (b) (Rev. 2012).
 

 "Injury" is defined as "death, injury to a person, damage to or loss of property or any other injury that a person may suffer that is actionable at law or in equity."
 
 Miss. Code Ann. § 11-46-1
 
 (h) (Rev. 2012).
 

 "Statutes of limitation in civil causes shall not run against the State ...." Miss. Const. art. 4, § 104. "Statutes of limitation in civil cases shall not run against the state ...."
 
 Miss. Code Ann. § 15-1-51
 
 (Rev. 2012).